**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALBERT SAENZ AND VERONICA SAENZ** **Plaintiffs** | § § § | |
| **V.** | § § | **CIVIL ACTION NO.** 5:17-cv-1038 |
| **CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS, GERLOFF COMPANY INC., ROBERT REGAN, AND STEVE KOTARA** **Defendants** | § § § § § § § § | |

## DEFENDANT CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Chubb Lloyd's Insurance Company of Texas ("Chubb Lloyd's") respectfully notifies this Court of removal of the above-entitled action to the United States District Court for the Western District of Texas, San Antonio Division and for the Notice of Removal states:

## I. PROCEDURAL HISTORY

1. This action, entitled *Albert Saenz and Veronica Saenz v. Chubb Lloyd's Insurance Company of Texas, Gerloff Company Inc., Robert Regan and Steve Kotara*, pending in the 57th Judicial District Court of Bexar County, Texas, Cause No. 2017CI16418, was commenced against Defendants via the filing of Plaintiffs' Original Petition (the "Petition") on or about August 29, 2017.

2. Defendant Chubb Lloyd's received the citation and Petition via service on September 20, 2017. Accordingly, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Plaintiffs allege causes of action against Defendant Chubb Lloyd's for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, fraud and conspiracy to commit fraud. *See* Petition at 10-14. Plaintiffs allege causes of action against Defendant's Robert Regan ("Regan") and Steve Kotara ("Kotara") for violations of the Texas Insurance Code. *See* Petition at 14-17. Although Plaintiffs' pleading names Gerloff Company Inc. ("Gerloff") as a defendant, Plaintiffs do not assert any cause of action against Gerloff. *See* Petition at 10-17. Plaintiffs claim actual damages, compensatory damages, exemplary damages, punitive damages, attorneys' fees, court costs, 18% statutory penalty damages, treble damages, pre-judgment interest, and post-judgment interest. *See* Petition at 17-18.

## II. <u>CITIZENSHIP OF THE PARTIES</u>

4. Plaintiffs are individuals who reside and own property in Bexar County, Texas. *See* Petition at 2. On information and belief, Plaintiffs are now and were at the time this action commenced, citizens of the State of Texas. Chubb Lloyd's is an unincorporated association; therefore, its citizenship for purposes of determining diversity jurisdiction is determined solely by the citizenship of each of its members. *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-883 (5th Cir. 1993), *cert. denied* 522 U.S. 815 (1997). Eight of the eleven members of Chubb Lloyd's are now and were at the time this action was commenced, citizens of the State of New Jersey. Two of the members are now and were at the time this action was commenced, citizens of the State of New York. The final member is now and was at the time this action was commenced, a citizen of the Commonwealth of Pennsylvania. Therefore, Chubb Lloyd's is now, and was at the time this action commenced, a citizen of the New Jersey, New York and Pennsylvania. No member of Chubb Lloyd's is a citizen of the State of Texas. Defendant Regan

does now, and did at the time this action commenced, reside in the State of New Jersey. Wherefore, Defendant Regan is now and was at the time this action commenced, a citizen of the State of New Jersey. Defendants Gerloff, Regan and Kotara have been improperly joined and their citizenship should be disregarded for the purposes of determining diversity jurisdiction. Thus, removal is proper because there is complete diversity between the properly joined parties under 28 U.S.C. § 1332.

## III. VENUE AND JURISDICTION

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

6. The Fifth Circuit requires the district court to apply the federal pleading standard when determining whether a non-diverse defendant has been improperly joined for jurisdictional purposes. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). The Fifth Circuit recognizes two ways to establish improper joinder: (1) actual fraud in the pleading of facts establishing jurisdiction; or (2) lack of a reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant. *Id.* at 205; *see Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied,* 544 U.S. 992 (2005). In determining whether there is a reasonable basis to predict a plaintiff may recover against a non-diverse defendant, the court applies a Rule 12(b)(6)-type analysis to determine if the pleading contains facts sufficient to state a claim on its face. *Int'l Energy*, 818 F.3d at 208. The court may also "pierce the pleadings and conduct a summary inquiry" to determine whether a reasonable basis exists to predict the plaintiff may prevail against the non-diverse defendant or that Plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder. *See Smallwood*, 385 F.3d at 573.

7. Plaintiffs' pleading misstates and/or omits discrete facts that would determine the impropriety of joinder; Gerloff and Kotara are not subject to liability under the pleaded causes of action because Gerloff and Kotara are not engaged in the business of insurance. *See* Exhibit A, Declaration of Steve Kotara. Contrary to the allegations in Plaintiffs' Petition, Gerloff is not "an entity attempting to engage in the business of adjusting insurance claims in Texas." *See* Petition at 2. Also contrary to Plaintiffs' assertion, Kotara is not a "person" as defined by the Texas Insurance Code. *See* Petition at 15. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity *engaged in the business of insurance*, including an agent, broker, adjuster or life and health insurance counselor." Tex. Ins. Code § 541.002(2) (emphasis added). Gerloff is an independent building consulting firm hired to investigate the loss and estimate damages. *See* Exhibit A, Declaration of Steve Kotara. Steve Kotara, is a professional engineer with Gerloff, who was hired as a consultant. Gerloff and Kotara cannot have liability under the pleaded causes of action because they are not engaged in the business of insurance. *See Michels v. Safeco Ins. Co. Of Ind.*, 544 Fed. Appx. 535, 540 (5th Cir. 2013) ("Texas courts have held that engineers who investigate and consult with insurance companies in the adjustment of a claim are not 'persons' engaged in the business of insurance. An independent engineering firm hired by an insurer to investigate a claim is not 'engaged in the business of insurance' under the Insurance Code."); *see also Gonzalez v. State Auto Prop. & Cas. Ins. Co.*, 2017 U.S. Dist. LEXIS 93206, at *9-10 (S.D. Tex. June 16, 2017) (finding Plaintiff failed to state a claim for Chapter 541 violations against consultants hired by the carrier to inspect the insured property and determine the cause of damages because the consultants were

not engaged in the business of insurance). There is no reasonable basis to predict Plaintiffs might recover against Gerloff or Kotara for violations of the Texas Insurance Code.

8. To properly join an adjuster such as Defendant Regan, "[a plaintiff] must allege that [the adjuster defendant], as an individual, committed the violation that caused the harm." *Moore v. State Farm Mut. Auto Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *12 (S.D. Tex. Sept. 6, 2012) (citing *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 544 (5th Cir. 2004)). This means a plaintiff cannot plead collectively or in a conclusory manner but rather must provide a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *See Griggs v. State Farm Lloyd's,* 181 F.3d 694, 701 (5th Cir. 1999); *see also Cortez v. Meritplan Ins. Co.*, 2013 U.S. Dist. LEXIS 179691, *5-6 (S.D. Tex. Dec. 20, 2013) (holding pleading collectively and in a conclusory manner creates only an insufficient theoretical possibility of recovery).

9. Plaintiffs' lawsuit arises from a first-party insurance claim for "damages caused by windstorm or hail." *See* Petition at 2. Plaintiffs allege, albeit in a conclusory manner, "the adjusters" were improperly trained and failed to perform a reasonable investigation of Plaintiff's claim. *See id.* Plaintiffs allege, "During all phases of the investigation, Defendants Regan and Kotara failed to properly assess Plaintiffs' hail storm and/or windstorm damages." *See id.* at 14. "Defendants Regan and Kotara misrepresented that Plaintiffs' damages were not covered under the Policy, when, in fact, the damages would have been much greater had a reasonable investigation been conducted." *Id.*

10. Plaintiffs allege Texas Insurance Code violations of: "Misrepresenting to Plaintiffs material facts relating to the coverage at issue...541.060(a)(1)"; "Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim...541.060(a)(2)(A)"; "Failed to explain their reasons for their offer of an inadequate settlement...541.060(a)(3)";

"Failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff...541.060(a)(4)"; "Refusing to pay Plaintiffs' claim without conducting a reasonable investigation...541.060(a)(7)." *Id.* at 16-17. Plaintiffs, however, fail to plead facts that would permit recovery against Gerloff, Regan or Kotara for the causes of action asserted.

11. "Section 541.060(a)(1) (misrepresentation) contemplates situations where a carrier represents 'specific circumstances' which will be covered and subsequently denies coverage." *Button v. Chubb Lloyd's Ins. Co.*, 2013 U.S. Dist. LEXIS 13010, *14 (E.D. Tex. Jan. 31, 2013) (citing *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994)). Further, "the misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Messersmith*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014). Plaintiffs' pleading fails to assert facts regarding an actionable misrepresentation. In addition, Plaintiffs pleading fails to meet the heightened pleading standard required by Rule 9(b). Instead, Plaintiffs state in a wholly conclusory fashion that all of the Defendants "misrepresented to Plaintiffs that the damages to the Property was not covered under the Policy." *See* Petition at 7. This is insufficient to state a claim.

12. An individual adjuster, as Regan, is not liable under the specific statutory provisions underlying Plaintiff's claims. *See Mainali Corp. v. Covington Specialty Ins. Co.*, No. 15-CV-1087, 2015 U.S. Dist. LEXIS 115191, at *15 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (holding an insured could not recover against an adjuster under Texas Insurance Code § 541.060(a)(2)(A), (a)(3) or (a)(7) because those provisions target the behavior of the insurer, not an adjuster). Gerloff, Regan and Kotara can have no liability under these subsections because only the insurer has the authority to affirm or deny the claim. *See Messersmith*, 10 F.Supp.3d at 724-25 (finding no individual adjuster liability under Tex. Ins. Code § 541.060(a)(2) or (a)(7) as

it is the carrier, not the adjuster, who refuses to pay a claim); *see also Montoya v. State Farm Mut. Auto Ins. Co, 2106* U.S. Dist. LEXIS 141322, *12 (W.D. Tex. Oct. 12, 2016) ("This Court has previously dismissed claims against adjusters for violations of section 541.060(a)(2) when a defendant- adjuster does not have authority to settle") (citing *McClelland v. Chubb Lloyd's Ins. Co. of Texas,* No. 5:16-cv-108, 2016 U.S. Dist. LEXIS 136087 (W.D. Tex. September 30, 2016).).

13. Additionally, as a building consultant engaged by Chubb to prepare scope and valuation reports for use by the carrier, Gerloff and Kotara did not have authority to adjust, deny or settle Plaintiffs' claim. *See* Exhibit A, Declaration of Steve Kotara. Similarly, Gerloff and Kotara did not participate in the sale or servicing of Plaintiffs' insurance policy, nor did they or any of their employees or agents make any representations to Plaintiffs regarding the coverage available under the policy. *See id.* Simply put, Kotara is an independent consultant that is not in the business of adjusting insurance claims and he did not adjust Plaintiffs' insurance claim. Kotara's responsibilities were limited to inspecting the properties, documenting damage, and determining the scope and value of the storm damage for use by Chubb. *See id.*

14. Plaintiffs have failed to plead facts sufficient to establish Gerloff, Regan or Kotara owed Plaintiffs any duty that if breached, could provide a reasonable basis for recovery. Plaintiffs' pleading merely contains vague and conclusory recitations of claims with little to no factual support. Because Plaintiffs have not pleaded facts which fit a properly pleaded theory of recovery, there is no reasonable basis for this Court to conclude Plaintiffs have a valid claim against Gerloff, Regan or Kotara. Given this, the Court should disregard Defendant Gerloff's, Defendant Regan's and Defendant Kotara's citizenship for purposes of the removal determination.

## IV.   AMOUNT IN CONTROVERSY

15.   Plaintiffs "are seeking monetary relief over $1,000,000." *See* Petition at 2. Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied because it is "facially apparent" the amount in controversy exceeds $75,000. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## V.   ATTACHMENTS

16.   In accordance with 28 U.S.C. § 1446(a), Defendant Chubb Lloyd's has attached to this Notice of Removal an appendix containing copies of all process, pleadings and orders served upon Chubb Lloyd's in the state court action. *See* Exhibit B.

## VI.   NOTICE TO STATE COURT

17.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 57th District Court of Bexar County, Texas.

## VII.   JURY DEMAND

18.   Pursuant to Federal Rule of Civil Procedure 38, Defendant Chubb Lloyd's demands a trial by jury.

## VIII.   PRAYER

19.   WHEREFORE, PREMISES CONSIDERED, Defendant Chubb Lloyd's respectfully gives notice this state court action has been removed and placed on this Court's docket for further proceedings. Chubb Lloyd's further requests any additional relief to which it may be justly entitled.

Respectfully submitted,


/s/ Jennifer G. Martin
**JENNIFER G. MARTIN**
Attorney-in-Charge
Texas State Bar No. 00794233
Email: jennifer.martin@wilsonelser.com
**LISA WILSON**
Texas State Bar No. 24013767
Email: lisa.wilson@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Phone
(214) 698-1101 Facsimile

**ATTORNEYS FOR DEFENDANTS CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 13th day of October, 2017.

Rene M. Sigman
rmsdocket@merlinlawgroup.com
J. Ryan Fowler
jrfowler@merlinlawgroup.com
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 750
Houston, TX 77027
Telephone: 713.626.8880
Fax: 713.626.8881

/s/Jennifer G. Martin
JENNIFER G. MARTIN