**2**

4 CITSPPS W/JD SAC1

FILED
8/29/2017 4:44 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

CAUSE NO. **2017CI16418**

| | | |
|---|---|---|
| **ALBERT SAENZ AND VERONICA** | § | **IN THE DISTRICT COURT OF** |
| **SAENZ,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **CHUBB LLOYDS INSURANCE** | § | |
| **COMPANY OF TEXAS, GERLOFF** | § | |
| **COMPANY INC., ROBERT REGAN,** | § | |
| **AND STEVE KOTARA,** | § | **57TH** JUDICIAL DISTRICT |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Albert Saenz and Veronica Saenz ("Plaintiffs"), and file this *Plaintiffs'*
*Original Petition*, complaining of Chubb Lloyds Insurance Company of Texas ("Chubb"), Gerloff
Company Inc. ("Gerloff"), Robert Regan ("Regan"), and Steve Kotara ("Kotara") (to whom will
be collectively referred as "Defendants"), and for cause of action, Plaintiffs would respectfully
show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas
Rules of Civil Procedure. This case involves disputes arising out of a weather related claim
for damages to a residence involving an insurance policy insuring the property for damages
caused by windstorm or hail. The dispute will involve complex issues stemming from the
Texas Insurance Code and the insurance policy. It will require detailed discovery
concerning claims handling practices, denial and payment of claims, including Plaintiffs'
claim, and the systematic approach by Defendant Farmers and its adjusters in handling

these weather related hail and windstorm claims.  Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.   Plaintiffs Albert Saenz and Veronica Saenz are individuals residing in Bexar County, Texas.

3.   Defendant Chubb Lloyds Insurance Company of Texas is a domestic insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with process, by serving its Attorney for Service, CT Corporation System 350 North St. Paul Street Dallas Texas 75201.

4.   Defendant Gerloff is an entity attempting to engage in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process by serving its Registered Agent, Darren W. Gerloff 14955 Bulverde Rd., San Antonio, Texas 78247.

5.   Defendant Robert Regan is an individual residing in and domiciled in the State of Texas. This defendant may be served at his place of business at 600 Independence Parkway Chesapeake, Virginia 23320, or wherever he may be found.

6.   Defendant Steve Kotara is an individual residing in and domiciled in the State of Texas. This defendant may be served at 9200 Old Gardner San Antonio 78230, or whereever he may be found.

## JURISDICTION

7.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs are seeking monetary relief over $1,000,000.  Plaintiffs reserve the right to amend their petition during and/or after the

discovery process.

8.  The Court has jurisdiction over Defendant Chubb because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

9.  The Court has jurisdiction over Defendant Gerloff because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

10.  The Court has jurisdiction over Defendant Regan because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

11.  The Court has jurisdiction over Defendant Kotara because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

12.  Plaintiffs are not making any claims for relief under federal law.

## VENUE

13.  Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

14.  Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Chubb.

15.  Plaintiffs own the insured property, which is specifically located at 103 S. Comal San Antonio Texas 78207, in Bexar County (hereinafter referred to as "the Property").

Page 3

16.   Chubb sold the Policy insuring the Property to Plaintiffs.

17.   On or about April 12, 2016, a hail storm and/or windstorm struck Bexar County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm"). Specifically, Plaintiffs' roofs sustained extensive damage during the Storm as well as exterior of the Property, including the stucco. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the Storm, including damage to the exterior and roof. After the Storm, Plaintiffs filed a claim with their insurance company, Chubb, for the damages to their home caused by the hail storm and/or windstorm.

18.   Plaintiffs submitted a claim to Chubb against the Policy for other structure damage, roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the Storm.

19.   Plaintiffs asked that Chubb cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roofs and repairs to the exterior, such as the damage to the fascia and stucco, as well as damage to the interior of the home, including damage to several rooms inside the home, pursuant to the Policy.

20.   Defendant Chubb assigned Defendant adjuster Regan to oversee the investigation and adjustment of Plaintiffs' claim. Defendant Chubb and/or Defendant Regan assigned Defendants Gerloff and/or Defendant Kotara as the adjusting company and individual field adjuster, respectively, on the claim. Notably, upon information and belief, although Defendant Gerloff and Defendant Kotara represent themselves as adjusters in Texas, neither Gerloff nor Kotara are properly licensed adjusters and/or adjusting companies in

the State of Texas. Despite this, Defendant Gerloff and Kotara improperly adjusted Plaintiffs' claim, the mishandling of which resulted in a major loss to Plaintiffs.

21.   The adjusters were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.   On or about May 3, 2016, Kotara conducted an unreasonable and substandard inspection of Plaintiffs' Property.   The unreasonableness and inadequacy of Kotara's inspection is evidenced by his report, which failed to include all of Plaintiffs' Storm damages noted upon inspection.   For example, despite the evident damages to Plaintiffs' tile roof and exterior stucco, Kotara failed to include many of the damages to Plaintiffs' tile roof, and wholly denied Plaintiffs' interior damages. Moreover, the damages that Kotara actually included in his report were grossly undervalued. Kotara's unreasonable and inadequate investigation is further evidenced by his estimate report dated May 3, 2016. Ultimately, Kotara failed to properly scope Plaintiffs' damages, underestimated and undervalued the cost of repairs to the damaged items, thereby failing to allow adequate funds to cover the cost of repairs to all the damages sustained. Further, Kotara's inadequate investigation was relied upon by Defendants Chubb resulted in Plaintiffs' claim being undervalued and underpaid.

22.   On or about August 12, 2016, Defendant Regan, on behalf of Chubb, sent Plaintiffs' a copy of Kotara's estimate report which further evidenced Defendants inadequate investigation of Plaintiffs' claim. For example, Defendants estimate failed to include all of the damages to Plaintiffs' roof, stucco, windows, exterior doors and interior damages. Moreover, the damages that were included were undervalued and underscoped.   Plaintiffs would not agree to the limited scope of damages offered by Chubb.   In fact, Plaintiffs contacted Chubb to dispute Kotara's assessment of their damages and to express their concerns about further

or worsening Storm damages.

23.     The severity of the damages and mishandling of Plaintiffs' claim lead Plaintiff to seek the services of a public adjuster ("P.A."). The P.A. also inspected the property, yet found the amount of covered damages to the Property to be substantially greater than those covered by Chubb. Notably, the P.A. found the damage to Plaintiffs' roof, exterior and interior damages that should have been covered. Despite Defendants' knowledge of such damage, Plaintiffs have yet to receive adequate payment for their claim.

24.     Together, Defendants Chubb, Gerloff, Regan and Kotara set about to deny and/or underpay on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. Plaintiffs have yet to receive the full payment they are entitled to under the Policy.

25.     As detailed in the paragraphs below, Chubb wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Chubb underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

26.     To date, Chubb continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

27.     Defendant Chubb failed to perform its contractual duties to adequately compensate

Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Chubb conduct constitutes a breach of the insurance contract between Chubb and Plaintiffs.

28.   Furthermore, prior to the Strom, Plaintiffs had specifically requested a policy that would protect their Property, including the Property's roof, from hail and/or wind damage. Relying on such coverage, Plaintiffs' purchased the Policy from Chubb. However, after the Storm, Plaintiffs have not been able to recover any funds for the Property's extensive damage.

29.   Defendants Chubb, Gerloff, Regan and Kotara misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants represented to Plaintiffs that all of the storm damages to their Property were accounted for and that Defendants adequately represented the amounts needed to repair the storm damages, when, in fact, Defendants knew that the cost of repairs to all of the damages were grossly undervalued and that a significant portion of the damages were either ignored or improperly adjusted.

30.   Defendants Chubb, Gerloff, Regan and Kotara misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Chubb, Gerloff, Regan and Kotara's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(1).

31.   Defendants Chubb, Gerloff, Regan and Kotara failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the

Policy.  Defendants Chubb, Gerloff, Regan and Kotara's conduct constitutes a violation of the Texas Insurance Code.  TEX. INS. CODE §541.060(a)(2)(A).

32.  Defendants Chubb, Gerloff, Regan and Kotara's failed to explain to Plaintiffs the reasons for their offer of an inadequate estimate and settlement.  Specifically, Defendants Chubb, Gerloff, Regan and Kotara's failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Defendants Chubb, Gerloff, Regan and Kotara did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendants Chubb, Gerloff, Regan and Kotara's conduct is a violation of the Texas Insurance Code.  TEX. INS. CODE §541.060(a)(3).

33.  Defendants Chubb, Gerloff, Regan and Kotara's failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants and received payment for several portions of Plaintiffs' claim.  Defendants Chubb, Regan and Kotara's conduct constitutes a violation of the Texas Insurance Code.  TEX. INS. CODE §541.060(a)(4).

34.  Defendants Chubb, Gerloff, Regan and Kotara refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Chubb, Gerloff, Regan and Kotara failed to conduct a reasonable investigation.  Specifically, Defendants Chubb, Gerloff, Regan and Kotara performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendants Chubb, Gerloff, Regan and Kotara's conduct constitutes a violation of the

Texas Insurance Code. TEX. INS. CODE §541.060(a)(7).

35.    Defendant Chubb failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.   Chubb's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

36.    Defendant Chubb failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.   Chubb's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

37.    Defendant Chubb failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.   Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.   Chubb's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

38.    From and after the time Plaintiffs' claim was presented to Defendant Chubb, the liability of Chubb to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, Chubb has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.   Chubb's conduct constitutes a breach of the common law duty of good faith and fair dealing.

39.    Defendants Chubb, Gerloff, Regan and Kotara knowingly or recklessly made false

representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

40.     As a result of Defendants Chubb, Gerloff, Regan and Kotara's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

41.     Plaintiffs' experience is not an isolated case.  The acts and omissions Chubb committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Chubb with regard to handling these types of claims.  Chubb's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST CHUBB ONLY

42.     Defendant Chubb is liable to Plaintiffs for breach of contract, as well as violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

43.     Defendant Chubb's conduct constitutes a breach of the insurance contract made between Chubb and Plaintiffs. Defendant Chubb's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Chubb's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

44.     Defendant Chubb's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a).  All violations under this article

are made actionable by TEX. INS. CODE §541.151.

45.     Defendant Chubb's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

46.     Defendant Chubb's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Chubb's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

47.     Defendant Chubb's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

48.     Defendant Chubb's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

49.     Defendant Chubb's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS

50.     Defendant Chubb's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

51.     Defendant Chubb's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

52.     Defendant Chubb's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

53.     Defendant Chubb's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

FRAUD

54.     Defendants Chubb, Gerloff, Regan and Kotara are liable to Plaintiffs for common law fraud.

55.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants CHUBB, Regan and Kotara knew were false or made recklessly without any knowledge of their truth as a positive assertion.

56. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

57. Defendants Chubb, Gerloff, Regan and Kotara are liable to Plaintiffs for conspiracy to commit fraud. Defendants Chubb, Gerloff, Regan and Kotara were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Chubb, Gerloff, Regan and Kotara committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## ACTS CONSTITUTING ACTING AS AGENT

58. As referenced and described above, and further conduct throughout this litigation and lawsuit, Gerloff, Regan and Kotara are agents of Chubb based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

59. Separately, and/or in the alternative, as referenced and described above, Chubb ratified the actions and conduct of Gerloff, Regan and Kotara including the completion of their duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60. Defendant Chubb's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. Specifically, Defendant Chubb assigned Defendants Gerloff and/or Kotara as the adjusting company and individual field

adjuster on Plaintiffs' claim. However, neither Defendant Gerloff nor Kotara are properly licensed to adjust Plaintiffs' claim in the State of Texas.

61. Defendant Chubb's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Chubb knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

62. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### CAUSES OF ACTION AGAINST DEFENDANTS REGAN AND KOTARA
#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

63. Defendant Chubb assigned Defendants Regan and Kotara to adjust the claim. Defendants Regan and Kotara were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During all phases of the investigation, Defendants Regan and Kotara failed to properly assess Plaintiffs' hail storm and/or windstorm damages. Defendants Regan and Kotara misrepresented that Plaintiffs' damages were not covered under the Policy, when, in fact, the damages would have been much greater had a reasonable investigation been conducted.

64. Defendants Regan and Kotara also actively participated in the adjustment of Plaintiffs' claim, but failed to conduct a reasonable investigation. Defendant Regan failed to thoroughly review Defendant Kotara's assessment of the damages and ultimately approved and/or submitted an inaccurate report of the damages. Had Defendant Regan even

performed a cursory review of Kotara's work on Plaintiffs' claim, it would have been clear that Plaintiffs' claim was completely mishandled. Unfortunately for Plaintiffs, this did not happen.

65. Defendants Regan and Kotara's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

66. Defendants Regan and Kotara are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Chubb, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

67. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly

covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendants Regan and Kotara's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

68. Defendants Regan and Kotara's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

69. Defendant Kotara also breached his duty of good faith and fair dealing by representing himself as a licensed adjuster capable of adjusting Plaintiffs' claim, when, in fact, Defendant Kotara is not a licensed adjuster by the State of Texas.

70. Defendants Regan and Kotara's failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Defendants Regan and Kotara failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Regan and Kotara as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

71. Defendants Regan and Kotara's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

72. Defendants Regan and Kotara did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, although reported by Plaintiffs to Chubb. Defendants Regan and Kotara's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

## DAMAGES

73. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

74. As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants Chubb, Gerloff, Regan and Kotara's mishandling of Plaintiffs' claim in violation of the laws set forth above.

75. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

76.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

77.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

78.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

79.   For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

80.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

81.   Plaintiffs hereby request that all causes of action alleged herein be tried before a jury

consisting of citizens residing in Bexar County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

82. This matter will be governed by the Standing Pretrial Order Concerning Bexar County Residential Hail Claims. Pursuant to the Court's Order, a copy is attached as "Exhibit 1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

**Merlin Law Group, P.A.**

 /s/ Rene M. Sigman
Rene M. Sigman, Esq.
State Bar No. 24037492
rmsdocket@merlinlawgroup.com
J. Ryan Fowler, Esq.
State Bar No. 24058357
jrfowler@merlinlawgroup.com
515 Post Oak Blvd, Suite 750
Houston, Texas 77027
(713) 626-8880 (Office)
(713) 626-8881 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

68880

**EXHIBIT "1"**

| | | |
|---|---|---|
| **IN RE:** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **BEXAR HAIL** | § | |
| | § | **BEXAR COUNTY, TEXAS** |
| **RESIDENTIAL** | § | |
| | § | |
| **CLAIM LITIGATION** | § | **CIVIL JUDICIAL DISTRICT COURTS** |

## STANDING PRETRIAL ORDER CONCERNING
## BEXAR COUNTY RESIDENTIAL HAIL CLAIMS

This order applies to pretrial matters in residential property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the residential insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 100 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 60 days of the filing of an answer by the residential insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the residence, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the residential insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the

68880

**68880**

insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 60 day time period. The insurance carrier is also ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same residential insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the residential insurance carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the residential insurance carrier and other defendants may re-inspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

Michael E. Mery
Michael Mery, Judge
37th District Court

Stephani A. Walsh
Stephani Walsh, Judge
45th District Court

Antonia Arteaga, Judge
57th District Court

David A. Canales, Judge
73rd District Court

2

**68880**

68880

John D. Gabriel, Jr., Judge
131st District Court

Renée Yanta, Judge
150th District Court

Laura Salinas, Judge
166th District Court

Cathleen Stryker, Judge
224th District Court

Peter Sakai, Judge
225th District Court

Richard Price, Judge
285th District Court

Sol Casseb III, Judge
288th District Court

Karen H. Pozza, Judge
407th District Court

Larry Noll, Judge
408th District Court

Gloria Saldaña, Judge
438th District Court

68880

11/30/2016 VOL 4655 PG 1814

# 68880

## AGREED MEDIATION ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Residential Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

    1.    An attorney of record for each party, unless the party is self-represented.

    2.    All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

    3.    A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.


_____

Judge Presiding

# 68880

11/30/2016 VOL 4655 PG 1815

# CIVIL CASE INFORMATION SHEET (REV. 2/13)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____ ALBERT SAENZ AND VERONICA SAENZ V. CHUBB LLOYDS INSURANCE COMPANY OF TEXAS, ET AL _____
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Rene M. Sigman

Email: rmsdocket@merlinlawgroup.com

Address: 515 Post Oak Blvd., Suite 750

Telephone: (713) 626-8880

City/State/Zip: Houston, TX 77027

Fax: (713) 626-8881

Signature: /s/ Rene M. Sigman

State Bar No: 24037492

### Names of parties in case:

Plaintiff(s)/Petitioner(s): Albert Saenz and Veronica Saenz

Defendant(s)/Respondent(s): Chubb Lloyds Insurance Company of Texas, Inc.; Gerloff Company, Inc.; Robert Regan and Steve Kotara

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
[X] Attorney for Plaintiff/Petitioner
[ ] *Pro Se* Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other: _____

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
[ ] Consumer/DTPA
[ ] Debt/Contract
[ ] Fraud/Misrepresentation
[ ] Other Debt/Contract:

*Foreclosure*
[ ] Home Equity—Expedited
[ ] Other Foreclosure
[ ] Franchise
[X] Insurance
[ ] Landlord/Tenant
[ ] Non-Competition
[ ] Partnership
[ ] Other Contract:

**Injury or Damage**
[ ] Assault/Battery
[ ] Construction
[ ] Defamation
*Malpractice*
[ ] Accounting
[ ] Legal
[ ] Medical
[ ] Other Professional Liability:
[ ] Motor Vehicle Accident
[ ] Premises
*Product Liability*
[ ] Asbestos/Silica
[ ] Other Product Liability List Product:
[ ] Other Injury or Damage:

**Real Property**
[ ] Eminent Domain/Condemnation
[ ] Partition
[ ] Quiet Title
[ ] Trespass to Try Title
[ ] Other Property:

**Related to Criminal Matters**
[ ] Expunction
[ ] Judgment Nisi
[ ] Non-Disclosure
[ ] Seizure/Forfeiture
[ ] Writ of Habeas Corpus—Pre-indictment
[ ] Other:

### Family Law

**Marriage Relationship**
[ ] Annulment
[ ] Declare Marriage Void
*Divorce*
[ ] With Children
[ ] No Children

**Other Family Law**
[ ] Enforce Foreign Judgment
[ ] Habeas Corpus
[ ] Name Change
[ ] Protective Order
[ ] Removal of Disabilities of Minority
[ ] Other:

**Post-judgment Actions (non-Title IV-D)**
[ ] Enforcement
[ ] Modification—Custody
[ ] Modification—Other

**Title IV-D**
[ ] Enforcement/Modification
[ ] Paternity
[ ] Reciprocals (UIFSA)
[ ] Support Order

**Parent-Child Relationship**
[ ] Adoption/Adoption with Termination
[ ] Child Protection
[ ] Child Support
[ ] Custody or Visitation
[ ] Gestational Parenting
[ ] Grandparent Access
[ ] Parentage/Paternity
[ ] Termination of Parental Rights
[ ] Other Parent-Child:

**Employment**
[ ] Discrimination
[ ] Retaliation
[ ] Termination
[ ] Workers' Compensation
[ ] Other Employment:

**Other Civil**
[ ] Administrative Appeal
[ ] Antitrust/Unfair Competition
[ ] Code Violations
[ ] Foreign Judgment
[ ] Intellectual Property
[ ] Lawyer Discipline
[ ] Perpetuate Testimony
[ ] Securities/Stock
[ ] Tortious Interference
[ ] Other:

**Tax**
[ ] Tax Appraisal
[ ] Tax Delinquency
[ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
[ ] Dependent Administration
[ ] Independent Administration
[ ] Other Estate Proceedings
[ ] Guardianship—Adult
[ ] Guardianship—Minor
[ ] Mental Health
[ ] Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
[ ] Appeal from Municipal or Justice Court
[ ] Arbitration-related
[ ] Attachment
[ ] Bill of Review
[ ] Certiorari
[ ] Class Action
[ ] Declaratory Judgment
[ ] Garnishment
[ ] Interpleader
[ ] License
[ ] Mandamus
[ ] Post-judgment
[ ] Prejudgment Remedy
[ ] Protective Order
[ ] Receiver
[ ] Sequestration
[ ] Temporary Restraining Order/Injunction
[ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100, 000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[X] Over $1,000,000