UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALBERT SAENZ AND VERONICA SAENZ  §<br>§<br>Plaintiff,  §<br>§<br>v.  §<br>§<br>CHUBB LLOYD'S INSURANCE  §<br>COMPANY OF TEXAS, GERLOFF  §<br>COMPANY INC., ROBERT REGAN  §<br>AND STEVE KOTARA  §<br>Defendants.  § | Civil Case No. 5:17-cv-01038-FB-HJB |

_____

**DEFENDANT STEVE KOTARA'S
MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT**
_____

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Steve Kotara ("Kotara") files this Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 8, 9 and 12(b)(6) because Plaintiffs have failed to state a claim against Kotara upon which relief can be granted. In the alternative, Gerloff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 as there is no genuine issue of material fact under which Gerloff is liable to Plaintiffs.

## I. BACKGROUND

Plaintiffs submitted a claim under a policy of insurance issued by Defendant Chubb Lloyd's Insurance Company of Texas ("Chubb Lloyd's") for loss resulting from damage to Plaintiffs' property. *See* Doc. 1-1 at 3. Chubb Lloyd's engaged Gerloff Company Inc. ("Gerloff"), an independent construction and property consulting firm, to inspect the insured property and prepare

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT    Page 1

2716119v.3
2719751v.1

reports for use by Chubb Lloyd's. Plaintiffs filed suit against the insurance carrier Chubb Lloyd's, adjuster Robert Regan ("Regan"), building consultant Gerloff and Kotara, a senior estimator with Gerloff. Plaintiffs allege causes of action against Kotara for violations of the Texas Insurance Code. *See id*. at 12-17.

## II. ARGUMENT AND AUTHORITIES

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Abdon v. State Farm Lloyds*, No. 7:17-CV-00006, 2017 U.S. Dist. LEXIS 131263, *4 (S.D. Tex. Aug. 17, 2017) (quoting *Iqbal*, 129 S. Ct. at 1950). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must prove the plausibility of his claim with case-specific facts, not mere conclusions: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of the cause of action will not do." *Cavazos v. Sussex Ins. Co.,* No. 7:16-CV-00576, U.S. Dist. LEXIS 151769, *3 (S.D. Tex. Nov. 2, 2016); *see also Abdon,* 2017 U.S. Dist. LEXIS 131263, at *4. Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal citation omitted)). Thus, although the Court must accept as true all well-pleaded facts, it need not accept as true overt legal conclusions, or legal conclusions which have been "couched" as factual allegations. *Id.* (quoting *Iqbal,* 556 U.S. at 678).

To determine whether Plaintiffs have a reasonable basis for recovery, the Court must evaluate the sufficiency of the pleading under the federal court pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016); *see also Itzep v. Acad.,*

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT                                   Page 2

2716119v.3
2719751v.1

*Ltd.*, No. A-12-CV-197-LY, 2012 U.S. Dist. LEXIS 75359, *8 (W.D. Tex. May 30, 2012) ("The Fifth Circuit has rejected the notion that state procedural rules apply to the sufficiency of pleadings after removal.")  (citing *Provident Financial Inc. v. Strategic Energy, LLC.*, 404 Fed. Appx. 835, 840 (5th Cir. 2010)).  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides the basic pleading standard.  *See* Fed. R. Civ. P. 8(a)(2).  It requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id*.  The purpose of the rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 570 (internal citation omitted).  As part of the *Twombly-Iqbal* analysis, the Court proceeds in two steps.  First, the Court separates legal conclusions from well-pled facts.  *Iqbal*, 556 U.S. at 678-79.  Second, the Court reviews the **well-pled** factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief."  *Id*. at 679.  Plaintiffs' pleading fails to comply with the requirements of Rule 8 that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Claims alleging fraud or mistake, must comply with Federal Rule 9(b).  Fed. R. Civ. P. 9(b).  Compliance with Rule 9(b) "requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724, *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003).  That is, Rule 9(b)'s particularity requirement "requires 'the who, what, when, where, and how' be laid out."  *Id.*  Moreover, "[c]laims alleging violations of the Texas Insurance Code and the DTPA . . . are subject to the requirements of Rule 9(b)."  *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see also Berry v. Indianapolis Life Ins. Co.,* 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (applying Rule 9(b) to Texas

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT          Page 3

2716119v.3
2719751v.1

Insurance Code Chapter 541 and DTPA claims); *Tedder v. USF & G Specialty Ins. Co.*, 2011 U.S. Dist. LEXIS 50339, 2011 WL 1806516, at *5 (S.D. Tex. May 11, 2011) (applying 9(b) to Texas Insurance Code Chapter 541 claim). "General allegations, which lump all defendants together and fail to segregate the alleged wrongdoing of one from those of another, do not meet the requirements of Rule 9(b)." *In re BP P.L.C., Sec. Litig.*, 843 F. Supp. 2d 712, 746 (S.D. Tex. 2012). Plaintiffs' pleading fails to provide these requisite factual specifics to support claims for violations of the Texas Insurance Code and fraud and therefore fails to state a claim upon which relief can be granted.

> **A.** **Plaintiffs fail to allege facts to support all the essential elements of a cause of action for violations of Chapter 541 of the Texas Insurance Code against Kotara.**

Plaintiffs fail to allege the requisite facts that would support claims under Chapter 541 of the Texas Insurance Code. Plaintiffs' pleading merely tracks the statutory language with conclusory allegations that Kotara violated the statutes. *See* Doc. 1-1 at 14-17. In order to establish a reasonable basis for the Court to predict that Plaintiffs may be able to recover against Kotara, Plaintiffs' pleading must identify a cause of action recognized under state law and allege facts that support the cause of action. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). Bare legal conclusions that are unsupported by any factual underpinnings do not state a viable claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The Court is not under an obligation to accept as true allegations contained in a complaint that amount to legal conclusions. *Id.* at 1949-50. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Twombly*, 550 U.S. at 566-69. Plaintiffs' pleading fails to comply with the requirements of Rule 8 that the pleading

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT                Page 4

2716119v.3
2719751v.1

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Plaintiffs' allegations regarding Kotara are wholly conclusory: "Defendants Regan and Kotara were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages"; "During all phases of the investigation, Defendants Regan and Kotara failed to properly assess Plaintiff's hail storm and/or windstorm damages"; "Defendants Regan and Kotara misrepresented that Plaintiffs' damages were not covered under the Policy, when in fact, the damages would have been much greater had a reasonable investigation been conducted." *Id*. at 14. Plaintiffs' complaint fails to make factual assertions specific to Kotara; instead, every instance of alleged conduct by Kotara is purportedly also the conduct of the adjuster, Regan. Moreover, Plaintiffs fail to allege how the investigation was unreasonable, what damages they failed to properly assess or what damages should have been covered. Plaintiffs' allegations are purely conclusory statements that fail to support any claim against Kotara.

To state a claim against an adjuster, "[a plaintiff] must allege that [the adjuster defendant], as an individual, committed the violation that caused the harm." *Moore v. State Farm Mut. Auto Ins. Co.,* 2012 U.S. Dist. LEXIS 127564, *12 (S.D. Tex. Sept. 6, 2012) (citing *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 544 (5th Cir. 2004)). This means a plaintiff cannot plead collectively or in a conclusory manner but must provide a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999); *see also Cortez v. Meritplan Ins. Co.,* 2013 U.S. Dist. LEXIS 179691, *5-6 (S.D. Tex. Dec. 20, 2013) (holding pleading collectively and in a conclusory manner creates only an insufficient theoretical possibility of recovery). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT  Page 5

2716119v.3
2719751v.1

suffice." *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).  Plaintiffs' collective and conclusory pleadings fail to state a viable claim against Kotara.

"Section 541.060(a)(1) (misrepresentation) contemplates situations where a carrier represents 'specific circumstances' which will be covered and subsequently denies coverage." *Button v. Chubb Lloyd's Ins. Co.*, 2013 U.S. Dist. LEXIS 13010, *14 (E.D. Tex. Jan. 31, 2013) (citing *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994)).  Further, "the misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Messersmith*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014).  Plaintiffs' pleading fails to assert facts regarding an actionable misrepresentation.  In addition, Plaintiffs' pleading fails to meet the heightened pleading standard required by Rule 9(b).  Instead, Plaintiffs state in a wholly conclusory fashion that all of the Defendants "misrepresented to Plaintiffs that the damages to the Property was not covered under the Policy." *See* Doc. 1-1 at 7.  This is insufficient to state a claim.

Texas Insurance Code § 541.060(a)(2)(A), (a)(3) or (a)(7) target the behavior of the insurer.  *See Mainali Corp. v. Covington Specialty Ins. Co.*, No. 15-CV-1087, 2015 U.S. Dist. LEXIS 115191, *15 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (holding an insured could not recover against an adjuster under Texas Insurance Code § 541.060(a)(2)(A), (a)(3) or (a)(7) because those provisions target the behavior of the insurer, not an adjuster).  Kotara can have no liability under these subsections because only the insurer has the authority to affirm or deny the claim.  *See Messersmith*, 10 F. Supp. 3d at 724-25 (finding no individual adjuster liability under Tex. Ins. Code § 541.060(a)(2) or (a)(7) as it is the carrier, not the adjuster, who refuses to pay a claim); *see also Montoya v. State Farm Mut. Auto Ins. Co.*, 2106 U.S. Dist. LEXIS 141322, *12 (W.D. Tex. Oct. 12, 2016) ("This Court has previously dismissed claims against adjusters for violations of section

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT          Page 6

2716119v.3
2719751v.1

541.060(a)(2) when a defendant- adjuster does not have authority to settle") (citing *McClelland v. Chubb Lloyd's Ins. Co. of Texas,* No. 5:16-cv-108, 2016 U.S. Dist. LEXIS 136087 (W.D. Tex. September 30, 2016)).  In addition, Plaintiffs fail to plead any facts to support these claims.

Section 541.060(a)(4) proscribes "failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder." Tex. Ins. Code § 541.060(a)(4).  Again, Kotara can have no liability under these subsections because only the insurer has the authority to affirm or deny the claim.  *See Messersmith*, 10 F. Supp. 3d at 724.  Additionally, Plaintiffs fail to plead facts which would support this claim.  *See* Doc. 1-1.  Accordingly, this claim should be dismissed.

Plaintiffs have failed to plead facts sufficient to establish Kotara owed Plaintiffs any duty that if breached, could provide a reasonable basis for recovery.   Plaintiffs' pleading merely contains vague and conclusory recitations of claims with little to no factual support.  Because Plaintiffs have not pleaded facts which fit a properly pleaded theory of recovery, there is no reasonable basis for this Court to conclude Plaintiffs have a valid claim against Kotara.  Given this, the Court should dismiss Kotara.

### B. The conduct alleged by Plaintiffs fails to allege the requisite facts to support a claim for Fraud and Conspiracy to Commit Fraud against Kotara.

Plaintiffs assert in their fraud allegations and conspiracy to commit fraud allegations, without any specificity, that "Defendants Chubb, Gerloff, Regan and Kotara are liable to Plaintiffs for common law fraud (and for conspiracy to commit fraud)."  *See*  Doc. 1-1 at 12(13).  However, Plaintiffs fail to allege any facts to support said allegations.   As such, Plaintiffs do not state a claim under fraud or conspiracy to commit fraud for which relief may be granted.

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT          Page 7

2716119v.3
2719751v.1

Additionally, Federal Rule 9(b)'s particularity requirement "requires 'the who, what, when, where, and how' be laid out." *Benchmark Elecs.*, 343 F.3d at 724. Plaintiffs' allegations are wholly conclusory without any specificity of what Kotara did factually that would constitute fraud, how his actions were fraudulent, or when or where. Plaintiffs have failed to plead any of their fraud or conspiracy to commit fraud claims in compliance with the heightened 9(b) pleading standard. Accordingly, Plaintiffs have not stated a claim for which relief can be granted therefore Plaintiffs' claims against Kotara should be dismissed.

      **C.**    **The causes of action asserted are not legally viable, as Kotara is an independent consultant and not a person engaged in the business of insurance. Therefore, Kotara cannot be liable for violations of Chapter 541 of the Texas Insurance Code as a matter of law.**

In the alternative, Kotara requests this Court conduct a Rule 56 summary judgment analysis and consider in support of this motion Exhibit A, the Declaration of Steve Kotara. Plaintiffs filed a claim for hail damage from a storm on or about April 12, 2016, with Defendant Chubb Lloyd's. *See* Doc.1-1 at 4. Plaintiffs' pleading erroneously alleges Kotara "engage(s) in the business of adjusting insurance claims in the State of Texas." *See id*. at 2-3. Plaintiffs go on to incorrectly and falsely assert Defendant Chubb Lloyd's and/or Defendant Regan assigned Defendant Gerloff and/or Defendant Kotara as the "adjusting company and individual field adjuster, respectively, on the claim," even though Plaintiffs' pleading correctly notes "neither Gerloff nor Kotara are properly licensed adjusters and/or adjusting companies in the State of Texas." *See id.* at 4. Despite this telling contradiction acknowledging that Gerloff and Kotara were in fact not acting as an insurance adjuster or adjusting company, Plaintiffs build on these unsupported and false allegations to allege Kotara violated provisions of the Texas Insurance Code for which he cannot be liable as a matter of law.

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT    Page 8

2716119v.3
2719751v.1

In order to maintain their cause of action for violations of Chapter 541 of the Insurance Code, Plaintiffs must first show Kotara is subject to liability under the statute. Section 541.002(2) defines a "person" under the Code as, "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity ***engaged in the business of insurance***, including an agent, broker, adjuster, or life and health insurance counselor." Tex. Ins. Code § 541.002(2) (emphasis added). Kotara does not adjust insurance claims and is not engaged in the business of insurance. *See* Exhibit A, Declaration of Steve Kotara. Kotara is not an adjuster, but rather an independent building consultant who was engaged for the purpose of inspecting Plaintiffs' property and preparing scope and valuation reports for use by the insurance carrier. *See id*. As a building consultant engaged by Chubb Lloyd's to prepare scope and valuation reports for use by the carrier, Kotara did not have authority to adjust, deny or settle Plaintiffs' claim. *See id*. Similarly, Kotara did not participate in the sale or servicing of Plaintiffs' insurance policy, nor did Kotara make any representations to Plaintiffs regarding the coverage available under the policy. *See id*. Simply put, Kotara is an independent consultant who is not in the business of adjusting insurance claims and did not adjust or handle Plaintiffs' insurance claim. Kotara's responsibilities were limited to inspecting the property, documenting damage, and determining the scope and value of the storm damage for use by Chubb Lloyd's. *See id.* As such, Kotara is not engaged in the business of insurance and is therefore not a person who may be liable under Chapter 541 of the Texas Insurance Code.

Plaintiffs allege in a conclusory fashion that Kotara violated Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7). *See* Doc. 1-1 at 14-17. Plaintiffs' allegations ignore well-established Texas law holding that consultants engaged

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT   Page 9

2716119v.3
2719751v.1

by insurance carriers to assist in inspecting property and determining the cause and scope of damages have no liability under the Texas Insurance Code. Texas law is clear—a consultant brought on by an insurance carrier to inspect property and report to it regarding the scope and cost of damages is not engaged in the business of insurance such that liability under Texas Insurance Code § 541.060 may apply. *See Michels v. Safeco Ins. Co. of Ind.*, 544 Fed. Appx. 535, 540 (5th Cir. 2013) ("Texas courts have held that engineers who investigate and consult with insurance companies in the adjustment of a claim are not 'persons' engaged in the business of insurance. An independent engineering firm hired by an insurer to investigate a claim is not 'engaged in the business of insurance' under the Insurance Code."); *see also Gonzalez v. State Auto Prop. & Cas. Ins. Co.*, 2017 U.S. Dist. LEXIS 93206, at *9-10 (S.D. Tex. June 16, 2017) (finding Plaintiff failed to state a claim for Chapter 541 violations against a consultants hired by the carrier to inspect the insured property and determine the cause of damages because the consultants were not engaged in the business of insurance).

Despite numerous attempts by policyholders to maintain causes of action for Insurance Code violations against defendants that are not insurance carriers or adjusters, courts have consistently held such claims must fail. *See Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 792 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (finding an engineering firm hired to investigate, not adjust, a property damage claim was not subject to Insurance Code or DTPA violations because it was not a person engaged in the business of insurance); *see also Browning v. Sentinel Ins. Co.*, 2011 U.S. Dist. LEXIS 6592, *4-5 (S.D. Tex. Jan. 24, 2011) ("It is well-established that Texas law does not recognize a claim under the Texas Insurance Code against independent firms who are hired to provide engineering or similar services to the insurance company") (citations omitted). Kotara is an

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT　　　Page 10

2716119v.3
2719751v.1

independent consultant hired for the limited purpose of advising the carrier regarding the scope and value of Plaintiffs' claim. Kotara is not liable as a matter of law for the alleged violations of Chapter 541 because he is not a person engaged in the business of insurance as defined by the Code. Wherefore, Plaintiffs cannot maintain an action against Kotara for violations of the Texas Insurance Code and Kotara should be granted judgment as a matter of law.

### III. CONCLUSION

Each of the claims Plaintiffs assert against Defendant Kotara suffers from a fatal defect: Either the claim is not cognizable in law or Plaintiffs have failed to plead sufficient facts supporting essential elements of the claim. Accordingly, this Court should dismiss Plaintiffs' claims against Kotara pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, there is no genuine issue of material fact permitting Plaintiffs to maintain a claim against Kotara under Chapter 541 of the Texas Insurance Code and Kotara should be granted summary judgment under Federal Rule of Civil Procedure 56.

### IV. PRAYER

Wherefore, premises considered, Defendant Kotara respectfully requests dismissal of Plaintiffs' claims against him and for any such other further relief to which he is justly entitled.

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT   Page 11

2716119v.3
2719751v.1

Respectfully submitted,

*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**
Attorney-in-Charge
Texas State Bar No. 00794233
Email: jennifer.martin@wilsonelser.com
**LISA M. WILSON**
Texas State Bar No. 24013767
Email: lisa.wilson@wilsonelser.com

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214) 698-1101

**ATTORNEYS FOR DEFENDANT**
**STEVE KOTARA**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 20th day of October, 2017.

*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**

Rene M. Sigman
rmsdocket@merlinlawgroup.com
J. Ryan Fowler
jrfowler@merlinlawgroup.com
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 750
Houston, TX  77027
Telephone:  713.626.8880
Fax:  713.626.8881

DEFENDANT STEVE KOTARA'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT          Page 12

2716119v.3
2719751v.1