UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALBERT SAENZ AND VERONICA SAENZ<br>    Plaintiff,<br><br>v.<br><br>CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS, GERLOFF COMPANY INC., ROBERT REGAN AND STEVE KOTARA<br>    Defendants. | Civil Case No. 5:17-cv-01038-FB-HJB |

### DEFENDANT GERLOFF COMPANY INC.'S
### MOTION TO DISMISS AND, IN THE ALTERNATIVE,
### MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Gerloff Company Inc. ("Gerloff") files this Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 8, 9 and 12(b)(6) because Plaintiffs have failed to state a claim against Gerloff upon which relief can be granted. In the alternative, Gerloff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 as there is no genuine issue of material fact under which Gerloff is liable to Plaintiffs.

### I. BACKGROUND

Plaintiffs submitted a claim under a policy of insurance issued by Defendant Chubb Lloyd's Insurance Company of Texas ("Chubb Lloyd's") for loss resulting from damage to Plaintiffs' property. *See* Doc. 1-1 at 3. Chubb Lloyd's engaged Gerloff Company Inc. ("Gerloff"), an independent construction and property consulting firm, to inspect the insured property and prepare

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT    Page 1

2718943v.4
2719852v.1

reports for use by Chubb Lloyd's. Plaintiffs filed suit against the insurance carrier Chubb Lloyd's, adjuster Robert Regan ("Regan"), building consultant Gerloff and Steve Kotara ("Kotara"), a senior estimator with Gerloff. Although Plaintiffs' pleading names Gerloff as a defendant, Plaintiffs do not assert any cause of action against Gerloff in the "Causes of Action" section of their pleading. *See id.* at 10-17 (listing "Causes of Action Against Chubb Only" and "Causes of Action Against Regan and Kotara").

## II. ARGUMENT AND AUTHORITIES

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Abdon v. State Farm Lloyds*, No. 7:17-CV-00006, 2017 U.S. Dist. LEXIS 131263, *4 (S.D. Tex. Aug. 17, 2017) (quoting *Iqbal*, 129 S. Ct. at 1950). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must prove the plausibility of his claim with case-specific facts, not mere conclusions: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of the cause of action will not do." *Cavazos v. Sussex Ins. Co.,* No. 7:16-CV-00576, U.S. Dist. LEXIS 151769, *3 (S.D. Tex. Nov. 2, 2016); *see also Abdon,* 2017 U.S. Dist. LEXIS 131263, at *4. Nor does a compliant suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal citation omitted)). Thus, although the Court must accept as true all well-pleaded facts, it need not accept as true overt legal conclusions, or legal conclusions which have been "couched" as factual allegations. *Id.* (quoting *Iqbal,* 556 U.S. at 678).

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT Page 2

2718943v.4
2719852v.1

To determine whether Plaintiffs have a reasonable basis for recovery, the court must evaluate the sufficiency of the pleading under the federal court pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016); *see also Itzep v. Acad., Ltd.*, No. A-12-CV-197-LY, 2012 U.S. Dist. LEXIS 75359, *8 (W.D. Tex. May 30, 2012) ("The Fifth Circuit has rejected the notion that state procedural rules apply to the sufficiency of pleadings after removal.") (citing *Provident Financial Inc. v. Strategic Energy, LLC*, 404 Fed. Appx. 835, 840 (5th Cir. 2010)). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides the basic pleading standard. *See* Fed. R. Civ. P. 8(a)(2). It requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* The purpose of the rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570 (internal citation omitted). As part of the *Twombly-Iqbal* analysis, the Court proceeds in two steps. First, the Court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678-79. Second, the Court reviews the **well-pled** factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679. Plaintiffs' pleading fails to comply with the requirements of Rule 8 that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Claims alleging fraud or mistake, must comply with Federal Rule 9(b). Fed. R. Civ. P. 9(b). Compliance with Rule 9(b) "requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724, *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003). That is, Rule 9(b)'s particularity requirement "requires 'the who, what, when, where, and how' be laid out." *Id.* Moreover, "[c]laims alleging violations of

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT               Page 3

2718943v.4
2719852v.1

the Texas Insurance Code and the DTPA . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see also Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (applying Rule 9(b) to Texas Insurance Code Chapter 541 and DTPA claims); *Tedder v. USF & G Specialty Ins. Co.*, 2011 U.S. Dist. LEXIS 50339, 2011 WL 1806516, at *5 (S.D. Tex. May 11, 2011) (applying 9(b) to Texas Insurance Code Chapter 541 claim). "General allegations, which lump all defendants together and fail to segregate the alleged wrongdoing of one from those of another, do not meet the requirements of Rule 9(b)." *In re BP P.L.C., Sec. Litig.*, 843 F. Supp. 2d 712, 746 (S.D. Tex. 2012). Plaintiffs' pleading fails to provide these requisite factual specifics to support claims for violations of the Texas Insurance Code and fraud and therefore fails to state a claim upon which relief can be granted.

  A. **Plaintiffs fail to allege facts to support all the essential elements of a cause of action for violations of Chapter 541 of the Texas Insurance Code against Gerloff.**

Although Plaintiffs fail to expressly state they are making a claim against Gerloff for violations of Chapter 541 of the Texas Insurance Code, Plaintiffs' pleading contains the following assertions that Gerloff violated various provisions of that statutory scheme:

> Defendants Chubb, Gerloff, Regan and Kotara misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants represented to Plaintiffs that all of the storm damages to their Property were accounted for and that Defendants adequately represented the amounts needed to repair the storm damages, when, in fact, Defendants knew that the cost of repairs to all of the damages were grossly undervalued and that a significant portion of the damages were either ignored or improperly adjusted.
>
> Defendants Chubb, Gerloff, Regan and Kotara misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Chubb, Gerloff, Regan and Kotara's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(1).

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT   Page 4

2718943v.4
2719852v.1

> Defendants Chubb, Gerloff, Regan and Kotara failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Chubb, Gerloff, Regan and Kotara's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(2)(A).
>
> Defendants Chubb, Gerloff, Regan and Kotara's failed to explain to Plaintiffs the reasons for their offer of an inadequate estimate and settlement. Specifically, Defendants Chubb, Gerloff, Regan and Kotara's [sic] failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Defendants Chubb, Gerloff, Regan and Kotara did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Chubb, Gerloff, Regan and Kotara's conduct is a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(3).
>
> Defendants Chubb, Gerloff, Regan and Kotara's [sic] failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants and received payment for several portions of Plaintiffs' claim. Defendants Chubb, Regan and Kotara's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(4).
>
> Defendants Chubb, Gerloff, Regan and Kotara refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Chubb, Gerloff, Regan and Kotara failed to conduct a reasonable investigation. Specifically, Defendants Chubb, Gerloff, Regan and Kotara performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Chubb, Gerloff, Regan and Kotara's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(7).

Doc. 1-1 at 7-9. Plaintiffs fail to allege the requisite facts that would support claims under Chapter 541 of the Texas Insurance Code. Plaintiffs' pleading merely tracks the statutory language with collective and conclusory allegations that Defendants Chubb, Gerloff, Regan and Kotara violated the statutes. *See id.*

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT  Page 5

2718943v.4
2719852v.1

In order to establish a reasonable basis for the Court to predict that Plaintiffs may be able to recover against Gerloff, Plaintiffs' pleading must identify a cause of action recognized under state law and allege facts that support the cause of action. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). Bare legal conclusions that are unsupported by any factual underpinnings do not state a viable claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The Court is not under an obligation to accept as true allegations contained in a complaint that amount to legal conclusions. *Id.* at 1949-50. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Twombly*, 550 U.S. at 566-69. Plaintiffs' pleading fails to comply with the requirements of Rule 8 that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To state a claim against an adjuster, "[a plaintiff] must allege that [the adjuster defendant], as an individual, committed the violation that caused the harm." *Moore v. State Farm Mut. Auto Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *12 (S.D. Tex. Sept. 6, 2012) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004)). This means a plaintiff cannot plead collectively or in a conclusory manner but must provide a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); *see also Cortez v. Meritplan Ins. Co.*, 2013 U.S. Dist. LEXIS 179691, *5-6 (S.D. Tex. Dec. 20, 2013) (holding pleading collectively and in a conclusory manner creates only an insufficient theoretical possibility of recovery). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT    Page 6

2718943v.4
2719852v.1

suffice." *Fernandez-Montes v. Allied Pilots Ass 'n,* 987 F.2d 278, 284 (5th Cir. 1993). Plaintiffs' collective and conclusory pleadings fail to state a viable claim against Gerloff.

"Section 541.060(a)(1) (misrepresentation) contemplates situations where a carrier represents 'specific circumstances' which will be covered and subsequently denies coverage." *Button v. Chubb Lloyd's Ins. Co.*, 2013 U.S. Dist. LEXIS 13010, *14 (E.D. Tex. Jan. 31, 2013) (citing *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994)). Further, "the misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Messersmith*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Plaintiffs' pleading fails to assert facts regarding an actionable misrepresentation. In addition, Plaintiffs' pleading fails to meet the heightened pleading standard required by Rule 9(b). Instead, Plaintiffs state in a wholly conclusory fashion that all of the Defendants "misrepresented to Plaintiffs that the damages to the Property was not covered under the Policy." *See* Doc. 1-1 at 7. This is insufficient to state a claim.

Texas Insurance Code §§ 541.060(a)(2)(A), (a)(3) and (a)(7) target the behavior of the insurer. *See Mainali Corp. v. Covington Specialty Ins. Co.*, No. 15-CV-1087, 2015 U.S. Dist. LEXIS 115191, at *15 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (holding an insured could not recover against an adjuster under Texas Insurance Code § 541.060(a)(2)(A), (a)(3) or (a)(7) because those provisions target the behavior of the insurer, not an adjuster). Gerloff can have no liability under these subsections because only the insurer has the authority to affirm or deny the claim. *See Messersmith*, 10 F. Supp. 3d at 724-25 (finding no individual adjuster liability under Tex. Ins. Code § 541.060(a)(2) or (a)(7) as it is the carrier, not the adjuster, who refuses to pay a claim); *see also Montoya v. State Farm Mut. Auto Ins. Co.*, 2106 U.S. Dist. LEXIS 141322, *12 (W.D. Tex. Oct. 12, 2016) ("This Court has previously dismissed claims against adjusters for violations of section

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT    Page 7

2718943v.4
2719852v.1

541.060(a)(2) when a defendant- adjuster does not have authority to settle") (citing *McClelland v. Chubb Lloyd's Ins. Co. of Texas,* No. 5:16-cv-108, 2016 U.S. Dist. LEXIS 136087 (W.D. Tex. September 30, 2016)). In addition, Plaintiffs fail to plead any facts to support these claims.

Section 541.060(a)(4) proscribes "failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder." Tex. Ins. Code § 541.060(a)(4). Again, Gerloff can have no liability under these subsections because only the insurer has the authority to affirm or deny the claim. *See Messersmith*, 10 F. Supp. 3d at 724. Additionally, Plaintiffs fail to plead facts which would support this claim. *See* Doc. 1-1. Accordingly, this claim should be dismissed.

Plaintiffs have failed to plead facts sufficient to establish Gerloff owed Plaintiffs any duty that if breached, could provide a reasonable basis for recovery. Plaintiffs' pleading merely contains vague and conclusory recitations of claims with little to no factual support. Because Plaintiffs have not pleaded facts which fit a properly pleaded theory of recovery, there is no reasonable basis for this Court to conclude Plaintiffs have a valid claim against Gerloff. Given this, the Court should dismiss Gerloff.

### B. The conduct alleged by Plaintiffs fails to allege the requisite facts to support a claim for Fraud and Conspiracy to Commit Fraud against Gerloff.

Plaintiffs assert in their fraud allegations and conspiracy to commit fraud allegations, without any specificity, that "Defendants Chubb, Gerloff, Regan and Kotara are liable to Plaintiffs for common law fraud and for conspiracy to commit fraud." *See* Doc. 1-1 at 12-13. However, Plaintiffs fail to allege any facts to support said allegations. As such, Plaintiffs do not state a claim under fraud or conspiracy to commit fraud for which relief may be granted.

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT                    Page 8

2718943v.4
2719852v.1

Additionally, Federal Rule 9(b)'s particularity requirement "requires 'the who, what, when, where, and how' be laid out." *Benchmark Elecs.*, 343 F.3d at 724. Plaintiffs' allegations are wholly conclusory without any specific facts regarding what Gerloff did that would constitute fraud, how its actions were fraudulent, or when or where such acts supposedly took place. Plaintiffs have failed to plead any of their fraud or conspiracy to commit fraud claims in compliance with the heightened 9(b) pleading standard. Accordingly, Plaintiffs have not stated a claim for which relief can be granted therefore Plaintiffs' claims against Gerloff should be dismissed.

    **C.    The causes of action asserted are not legally viable, as Gerloff is an independent consulting firm and not a person or entity engaged in the business of insurance. Therefore, Gerloff cannot be liable for violations of Chapter 541 of the Texas Insurance Code as a matter of law.**

In the alternative, Gerloff requests this Court conduct a Rule 56 summary judgment analysis and consider in support of this motion Exhibit A, the Declaration of Steve Kotara. Plaintiffs filed a claim for hail damage from a storm on or about April 12, 2016, with Defendant Chubb Lloyd's. *See* Doc.1-1 at 4. Plaintiffs' pleading erroneously alleges Gerloff "engage(s) in the business of adjusting insurance claims in the State of Texas." *See id.* at 2-3. Plaintiffs go on to incorrectly and falsely assert Defendant Chubb Lloyd's and/or Defendant Regan assigned Defendants Gerloff and/or Defendant Kotara as the "adjusting company and individual field adjuster, respectively, on the claim," even though Plaintiffs' pleading correctly notes "neither Gerloff nor Kotara are properly licensed adjusters and/or adjusting companies in the State of Texas." *See id.* at 4. Despite this telling contradiction acknowledging that Gerloff and Kotara were in fact not acting as an insurance adjuster or adjusting company, Plaintiffs build on these unsupported and false allegations to allege Gerloff violated provisions of the Texas Insurance Code for which it cannot be liable as a matter of law.

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT    Page 9

2718943v.4
2719852v.1

Additionally, Federal Rule 9(b)'s particularity requirement "requires 'the who, what, when, where, and how' be laid out." *Benchmark Elecs.*, 343 F.3d at 724. Plaintiffs' allegations are wholly conclusory without any specific facts regarding what Gerloff did that would constitute fraud, how its actions were fraudulent, or when or where such acts supposedly took place. Plaintiffs have failed to plead any of their fraud or conspiracy to commit fraud claims in compliance with the heightened 9(b) pleading standard. Accordingly, Plaintiffs have not stated a claim for which relief can be granted therefore Plaintiffs' claims against Gerloff should be dismissed.

    **C.    The causes of action asserted are not legally viable, as Gerloff is an independent consulting firm and not a person or entity engaged in the business of insurance. Therefore, Gerloff cannot be liable for violations of Chapter 541 of the Texas Insurance Code as a matter of law.**

In the alternative, Gerloff requests this Court conduct a Rule 56 summary judgment analysis and consider in support of this motion Exhibit A, the Declaration of Steve Kotara. Plaintiffs filed a claim for hail damage from a storm on or about April 12, 2016, with Defendant Chubb Lloyd's. *See* Doc.1-1 at 4. Plaintiffs' pleading erroneously alleges Gerloff "engage(s) in the business of adjusting insurance claims in the State of Texas." *See id.* at 2-3. Plaintiffs go on to incorrectly and falsely assert Defendant Chubb Lloyd's and/or Defendant Regan assigned Defendants Gerloff and/or Defendant Kotara as the "adjusting company and individual field adjuster, respectively, on the claim," even though Plaintiffs' pleading correctly notes "neither Gerloff nor Kotara are properly licensed adjusters and/or adjusting companies in the State of Texas." *See id.* at 4. Despite this telling contradiction acknowledging that Gerloff and Kotara were in fact not acting as an insurance adjuster or adjusting company, Plaintiffs build on these unsupported and false allegations to allege Gerloff violated provisions of the Texas Insurance Code for which it cannot be liable as a matter of law.

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT    Page 9

2718943v.4
2719852v.1

In order to maintain their cause of action for violations of Chapter 541 of the Insurance Code, Plaintiffs must first show Gerloff is subject to liability under the statute. Section 541.002(2) defines a "person" under the Code as, "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity *engaged in the business of insurance*, including an agent, broker, adjuster, or life and health insurance counselor." Tex. Ins. Code § 541.002(2) (emphasis added). Gerloff does not adjust insurance claims and is not engaged in the business of insurance. *See* Exhibit A, Declaration of Steve Kotara. Gerloff is not an insurance adjusting company, but rather an independent construction and property consulting firm, which was engaged for the purpose of inspecting Plaintiffs' property and preparing scope and valuation reports for use by the insurance carrier. *See id.* As a building consultant engaged by Chubb Lloyd's to prepare scope and valuation reports for use by the carrier, Gerloff did not have authority to adjust, deny or settle Plaintiffs' claim. *See id.* Similarly, Gerloff did not participate in the sale or servicing of Plaintiffs' insurance policy, nor did it or any of Gerloff's employees or agents make any representations to Plaintiffs regarding the coverage available under the policy. *See id.*

Simply put, Gerloff is an independent consulting firm that is not in the business of adjusting insurance claims and did not adjust Plaintiffs' insurance claim. Gerloff's responsibilities were limited to inspecting the properties, documenting damage, and determining the scope and value of the storm damage for use by Chubb. *See id.* As such, Gerloff is not engaged in the business of insurance and is therefore not a person who may be liable under Chapter 541 of the Texas Insurance Code.

Plaintiffs allege in a conclusory fashion that Gerloff violated Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7). *See* Doc. 1-1

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT     Page 10

2718943v.4
2719852v.1

at 7-9. Plaintiffs' allegations ignore well-established Texas law holding that consultants engaged by insurance carriers to assist in inspecting property and determining the cause and scope of damages have no liability under the Texas Insurance Code. Texas law is clear—a consulting firm brought on by an insurance carrier to inspect property and report to it regarding the scope and cost of damages is not engaged in the business of insurance such that liability under Texas Insurance Code § 541.060 may apply. *See Michels v. Safeco Ins. Co. of Ind.*, 544 Fed. Appx. 535, 540 (5th Cir. 2013) ("Texas courts have held that engineers who investigate and consult with insurance companies in the adjustment of a claim are not 'persons' engaged in the business of insurance. An independent engineering firm hired by an insurer to investigate a claim is not 'engaged in the business of insurance' under the Insurance Code."); *see also Gonzalez v. State Auto Prop. & Cas. Ins. Co.*, 2017 U.S. Dist. LEXIS 93206, *9-10 (S.D. Tex. June 16, 2017) (finding Plaintiff failed to state a claim for Chapter 541 violations against a consultants hired by the carrier to inspect the insured property and determine the cause of damages because the consultants were not engaged in the business of insurance).

Despite numerous attempts by policyholders to maintain causes of action for Insurance Code violations against defendants that are not insurance carriers or adjusters, courts have consistently held such claims must fail. *See Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 792 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (finding an engineering firm hired to investigate, not adjust, a property damage claim was not subject to Insurance Code or DTPA violations because it was not a person engaged in the business of insurance); *see also Browning v. Sentinel Ins. Co.*, 2011 U.S. Dist. LEXIS 6592, at *4-5 (S.D. Tex. Jan. 24, 2011) ("It is well-established that Texas law does not recognize a claim under the Texas Insurance Code against independent firms who are hired to

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT      Page 11

2718943v.4
2719852v.1

provide engineering or similar services to the insurance company") (citations omitted). Gerloff is an independent consulting firm hired for the limited purpose of advising the carrier regarding the scope and value of Plaintiffs' claim. Gerloff is not liable as a matter of law for the alleged violations of Chapter 541 because it is not a person or entity engaged in the business of insurance as defined by the Code. Wherefore, Plaintiffs cannot maintain an action against Gerloff for violations of the Texas Insurance Code and Gerloff should be granted judgment as a matter of law.

### III. CONCLUSION

Plaintiffs have failed to plead sufficient facts supporting any claim they might maintain against Gerloff. Accordingly, this Court should dismiss Plaintiffs' claims against Gerloff pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, there is no genuine issue of material fact permitting Plaintiffs to maintain a claim against Gerloff under Chapter 541 of the Texas Insurance Code and Gerloff should be granted summary judgment under Federal Rule of Civil Procedure 56.

### IV. PRAYER

Wherefore, premises considered, Defendant Gerloff respectfully request dismissal of Plaintiffs' claims against it and for any such other further relief to which it is justly entitled.

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT                    Page 12

2718943v.4
2719852v.1

Respectfully submitted,

*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**
Attorney-in-Charge
Texas State Bar No. 00794233
Email: jennifer.martin@wilsonelser.com
**LISA M. WILSON**
Texas State Bar No. 24013767
Email: lisa.wilson@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214) 698-1101

**ATTORNEYS FOR DEFENDANT GERLOFF COMPANY INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 20th day of October, 2017.

*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**

Rene M. Sigman
rmsdocket@merlinlawgroup.com
J. Ryan Fowler
jrfowler@merlinlawgroup.com
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 750
Houston, TX 77027
Telephone: 713.626.8880
Fax: 713.626.8881

DEFENDANT GERLOFF COMPANY INC.'S MOTION TO DISMISS **AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** AND BRIEF IN SUPPORT      Page 13

2718943v.4
2719852v.1