IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALBERT SAENZ AND VERONICA SAENZ, § § § §<br>*Plaintiffs*, § §<br>v. § §<br> § §<br>CHUBB LLOYD'S INSURANCE § §<br>COMPANY OF TEXAS, GERLOFF § §<br>COMPANY, INC., ROBERT REGAN, § §<br>AND STEVE KOTARA, § §<br>*Defendants*. § § | CIVIL ACTION NO. 5:17-CV-1038<br><br>JURY DEMAND |

**PLAINTIFFS ALBERT SAENZ AND VERONICA SAENZ'S OPPOSED
MOTION TO REMAND**

**TO THE HONORABLE DISTRICT COURT JUDGE HENRY J. BEMPORAD:**

COME NOW, Plaintiffs Albert Saenz and Veronica Saenz ("Plaintiffs") and file *Plaintiffs Albert Saenz and Veronica Saenz's Opposed Motion to Remand* ("Motion to Remand") and respectfully request this Honorable Court remand this suit to the 57th Judicial District Court in Bexar County, Texas. In support of remand, Plaintiffs would respectfully show this Honorable Court as follows:

### I.    BACKGROUND

1. Plaintiffs' property was damaged as the result of a severe hail/wind storm on April 12, 2016 in Bexar County, Texas.[1] Plaintiffs made a claim against their Texas Homeowner's Policy which was issued by Chubb Lloyds Insurance Company of Texas ("Chubb" or "Defendant"). Chubb and/or Defendant Robert Regan ("Regan") assigned Defendant Gerloff Company, Inc. ("Gerloff") and/or Steve Kotara ("Kotara") to adjust Plaintiffs' claim. Unhappy with the results of

---

[1] *See* Dkt. # 1-4, *Plaintiffs' Original Petition* at 3-4.

this investigation and Chubb's decision to offer no payment to Plaintiffs to repair their damages, Plaintiffs filed suit.[2]

2.      On October 13, 2017, Chubb filed its Notice of Removal on grounds of diversity of jurisdiction. Chubb contends that Plaintiffs improperly joined Defendant Gerloff and Defendant Kotara to defeat the diversity of the parties' citizenships requirement necessary for this Court's jurisdiction. Defendants are incorrect. As shown below, Plaintiffs have brought causes of action against Kotara, Gerloff (and Regan) that are permitted under Texas law and supported them with sufficient factual allegations. Thus, this Court lacks jurisdiction over this suit and it must be remanded.[3]

## II.     STANDARDS GOVERNING REMOVAL

3.      The party removing a case to federal court bears the burden of rebutting the presumption against federal subject matter jurisdiction.[4] Owing to that presumption, doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand.[5] In order for a case to be removable under 28 U.S.C. §1332, the parties must be completely diverse, and the amount in controversy must exceed $75,000.[6] The right to remove a case is vested exclusively in defendant(s). Complete diversity of citizenship of the parties means that the state of a plaintiff's citizenship cannot be the same state of a defendant's citizenship.[7]

## III.    STANDARDS GOVERNING IMPROPER/FRAUDULENT JOINDER

7.      Because Gerloff is a Texas entity, Kotara is a Texas citizen and Plaintiffs are Texas

---

[2] *See* Dkt. # 1-4, *Plaintiffs' Original Petition* at 3-4.
[3] *See* Dkt. # 1, Notice of Removal at 3.
[4] *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n.25 (5th Cir. 2000); *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).
[5] *Coury*, 85 F.3d at 248; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[6] *See* 28 U.S.C. §§1332(a); 1441(a).
[7] *McLaughlin v. Miss. Power Co.*, 376 F.3d.344, 353 (5th Cir. 2004).

citizens, a remand is warranted unless Chubb can show that Gerloff and Kotara were improperly joined parties defeat this Court's diversity jurisdiction.[8] The Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[9]

8. There are two ways a defendant may demonstrate improper joinder: (1) by showing actual fraud in the pleading of jurisdictional facts, or (2) by proving that the plaintiff will be unable to establish a cause of action against the non-diverse defendant under applicable law.[10] Under the second method, which Chubb attempts here, a defendant must establish **by clear and convincing evidence**[11] that there is no reasonable basis to predict that a plaintiff will be able to recover in state court against the disputed defendant under applicable Texas law.[12] To make this determination, the Court evaluates the allegations in Plaintiffs' pleading at the time of removal to ascertain whether under the Court's Rule 12(b)(6)-type analysis which incorporates the federal pleading standard in *Bell Atlantic Corp. v. Twombly*[13] and *Ashcroft v. Iqbal,*[14] the Plaintiffs' pleading alleges enough facts to state a claim that is plausible on its face against the in-state or non-diverse Defendants Gerloff, Kotara and Regan.[15] As shown below, Plaintiffs' pleading meets this test, while Chubb has failed to carry its heavy burden to show otherwise. A remand is warranted.

### IV.   ARGUMENT AND AUTHORITIES

**A. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT BECAUSE GERLOFF, KOTARA (AND REGAN) ARE PROPERLY JOINED DEFENDANTS.**

---

[8] *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).
[9] *See Travis v. Irby*, 326 F. 3d 644, 649 (5th Cir. 2003).
[10] *Id.* at 647.
[11] *See Grassi v. Ciba-Geigy, Ltd.,* 894 F. 2d 181, 186 (5th Cir. 1990).
[12] *See Smallwood v. Illinois Cent*., 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*).
[13] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 127 S. Ct. 1955 (2007).
[14] *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).
[15] *Smallwood,* 385 F.3d at 573; *see also, Twombly*, 550 U.S. at 557; *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 2016 U.S. App. LEXIS 6394 (5th Cir. Tex. March 31, 2016).

9.     Chubb argues "Defendants Gerloff, Regan and Kotara have been improperly joined and their citizenship should be disregarded for the purposes of determining diversity jurisdiction."[16] However, Chubb has neither pled nor presented evidence of specific jurisdictional facts, so its allegation of improper joinder is merely a facial attack on Plaintiffs' pleadings.

**(1) Plaintiffs have asserted valid causes of action against Gerloff, Kotara and Regan.**

10.    In its Notice of Removal, Chubb contends no "reasonable basis exists for this Court to conclude Plaintiffs have a valid claim against Gerloff, Regan or Kotara, and, therefore, the Court should disregard their citizenships for purposes of the removal determination."[17] Chubb's contentions are flawed on several grounds.

11.    **First**, The Texas Insurance Code mandates that it be construed liberally to further its **purposes of comprehensively regulating and prohibiting unfair and deceptive practices in the insurance industry.**[18]

12.    **Second,** according to Texas law, individual adjusters and/or adjusting companies, such as Kotara, Regan and Gerloff, can be held individually liable. Thus Chubb's statements to the contrary completely ignore important Texas and Fifth Circuit precedent. In *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc*[19]. the Texas Supreme Court held that individual employees engaging in the business of insurance can be held individually liable under the Texas Insurance Code.[20] In *Gasch v. Hartford Accident & Indemnity Co*.,[21] the Fifth Circuit concluded that an employee-adjuster from an insurance agency could be held liable under the Texas Insurance Code.[22] Taken together, these two cases establish that an independent adjuster who engages in the

---

[16] *See* Dkt. # 1, *Notice of Removal* at 3(emphasis added).
[17] *See* Dkt. #1 at p. 7. (emphasis added.)
[18] *See* TEX. INS. CODE §§541.001, 541.008 (emphasis added).
[19] *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc*., 966 S.W.2d 482 (Tex. 1998).
[20] *Id.* at 487.
[21] *Gasch v Hartford Accident & Indem. Co.,* 491F.3d 278 (5th Cir. 2007).
[22] Id. at 282.

business of insurance, much like Kotara, Regan and even Gerloff, can be held liable under the Texas Insurance Code. The Texas Supreme Court has specifically found that "[t]he business of insurance includes the investigation and adjustment of claims and losses." [23]

13.     *Denley Grp., L.L.C. v. Safeco Ins. Co. of Ind.*,[24] illustrates adjuster liability under Section 541.060(a)(2)(A). The court there took a closer look at the precise language prohibiting those engaged in the business of insurance from "failing to attempt in good faith to *effectuate* a prompt, fair, and equitable settlement."[25] The Court first looked at Webster's definition of the word **"effectuate"** by referencing the definition for "effect" and found its meaning to be "**to cause to come into being" or "to bring about."**[26] Based on this research, the court logically reasoned:

> The fact that the statute **uses the word 'effectuate' rather than a word that conveys finality (e.g. finalize), suggests that its prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim**.
>
> **As the persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the ability to affect or bring about the 'prompt, fair, and equitable settlement of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based**. *See Arana v. Allstate Texas Lloyds*, No. 13-CV-0750, 2013 U.S. Dist. LEXIS 70033, 2013 WL 2149589, at *5 (N.D. Tex. May 17, 2013)("Adjusters play a role in the investigation, estimation, and settlement of insurance claims.").[27]

In *Denley*, the court found that the adjuster violated Section 541.060(a)(2)(A) by, among other conduct, 'failing to perform a proper and complete investigation of the claim,' and 'ignoring the true facts of the claim.'[28] Ultimately, the Court found it these allegations were sufficient to support a claim against the adjuster in an individual capacity for violating Section 541.060(a)(2)(A).[29]

---

[23] *Vail v. Texas Farm Bur. Mut. Ins. Co.,* 754 S. W.2d 129 (Tex. 1988).
[24] *Denley Grp. L.L.C. v. Safeco Ins. Co. of Ind.,* 2015 U.S. Dist. LEXIS 133432 (N.D. Tex. Sept.30, 2015).
[25] Tex. Ins. Code §541.060(a)(2) (emphasis added).
[26] *See Denley*, 2015 U.S. Dist. LEXIS 133432 at *9.
[27] *Id.* at *10 (emphasis added); *accord Linron,* 2015 U.S. Dist. LEXIS 77357 (N.D. Tex. June 16, 2015).
[28] *Id.*
[29] *See Edwena, Inc. v. Allstate Ins. Co.,* 2010 U.S. Dist. LEXIS 129582 at *2 (S.D. Tex. Dec. 8, 2010); *accord, Gray et. Rel. Beverly Enterprises-Miss., Inc.,* 390 F.3d 400, 412 & n. 11 (5th Cir. 2004) ("the existence of even a single valid cause of action against the in-state/non-diverse defendants require remand of the entire case to state court.").

Because they are extremely similar to those pled against Gerloff, Regan and Kotara, here, this Court should find that Plaintiffs have sufficiently pled allegations against those involved in the adjustment and investigation of Plaintiffs' claim as well, and pursuant to the holdings in *Denley*, *Linron Properties*, *Lopez-Welch*, and others

14.     Likewise, the Texas Insurance Code expressly provides a private right of action against any "**person**" who engages in unfair or deceptive trade practices in the business of insurance.[30] The term "person" is defined in the code as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an **agent**, broker, **adjuster,** or life and health insurance counselor."[31] This definition and express listing of entities to which the term "person" applies is broad and comprehensive. Logic dictates that if the legislature intended that Chapter 541 violations were to apply only to insurance carriers, it would not have needed to list the specific entities comprising the definition of "person" and instead, could have expressly stated that the purpose of the insurance code was to provide a private right of action only against any insurance carrier that engaged in unfair or deceptive trade practices in the business of insurance. It did not. Rather, the legislature wrote a very clear, broad and comprehensive statute—that a plaintiff may bring a cause of action against **any of the expressly listed entities including an adjuster and/or agent, like Gerloff, Kotara and Regan** who all engaged in deceptive or unfair insurance practices.

15.     Moreover, and by way of example, against Gerloff, Kotara and Regan, Plaintiffs have

---

[30] *See* TEX. INS. CODE §541.003; *see also, Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486-87 (Tex. 1998) (the definition of a "person" engaged in the business of insurance in Chapter 541. Subchapter A, is not limited to insurers, but includes individuals and company employees, including adjusters); *accord*, *Gasch v. Hartford Accident & Indemnity Co.,* 491 F.3d 278, 282(5th Cir. 2007).
[31] *See* TEX. INS. CODE §541.002 (emphasis added).

alleged a violation of Section 541.060(a)(2)(A)[32] which requires that all persons who attempt to effectuate a prompt, fair, and equitable settlement of a claim attempt to do so in good faith.[33] Numerous Texas federal district courts have concluded that an adjuster may be held personally liable for engaging in unfair settlement practices under Section 541.060(a)(2)(A) because the adjuster, perhaps more than any other person or entity, has the ability to effect or bring about the settlement of a claim.[34]

16.     Finally, Chubb's contention that Regan cannot be sued for the insurer's actions, and Gerloff and Kotara are not liable to Plaintiffs because they are not engaged in the business of insurance ignores any logical interpretation of "person" as defined by the Texas Insurance Code as well as the applicable case law. As articulated in Plaintiffs' pleading, Defendant Regan assigned Defendant Gerloff and Kotara to inspect and adjust Plaintiffs' claim. In fact, Kotara and Gerloff's investigation of Plaintiffs' claim was wholly and exclusively relied upon by Chubb to adjust and underpay Plaintiffs' claim. As such, their actions brought about Plaintiffs' underpayment and, similarly, are that of an agent and adjuster for Chubb and amount to a "person" as defined by the Texas Insurance Code. Thus, Chubb's attempt to label Kotara as a consultant is a thinly veiled attempt to evade Gerloff and Kotara's liability under the Insurance Code. In light thereof, and as

---

[32] *See* Dkt. # 1-4, *Plaintiffs' Original Petition* at 8 and 16.
[33] TEX. INS. CODE §541.060(a)(2)(A); *Linron Props. v. Wausau Underwriters Ins. Co.,* 2015 U.S. Dist. LEXIS 77357 at *7-11 (N.D. Tex. June 16, 2015).
[34] *See e.g., Linon Props.,* 2015 U.S. Dist. LEXIS at *10 ("[a]s the persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the authority to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon their investigation that insurance company's settlement of a claim is generally based."); *Lopez-Welch v. State Farm Lloyds*, 2014 U.S. Dist. LEXIS 154741 at *8 (N.D. Tex. Oct. 31, 2014) (finding plaintiff "sufficiently pleaded a claim" based on "(1) the failure of [the adjuster] to attempt in good faith to effect a prompt, fair and equitable settlement of plaintiff's claim after…;liability became clear under (541.060(a)(2)(A)")); *Jones v. Ace American Ins. Co.,* 2006 U.S. Dist. LEXIS 93346 at *6 (E.D. Tex. Dec. 22, 2006) (holding that an adjuster could be held liable for failing to attempt to effectuate a prompt, fair, and equitable settlement of a claim and refusing to pay a claim without conducting a reasonable investigation."); *Campbell v. Harford Lloyd's Ins. Co.,* 2005 U.S. Dist. LEXIS 49623 at *5-6 (N.D. Tex. Nov. 29, 2005) (adjuster statement to Campbell that there was some hail damage, but that he [Campbell] "needed to wait for the next hail storm because this one is paid out," but could find a violation under §541.060(a)(2)(A) failing to effectuate a prompt and fair settlement when liability is reasonably clear).

further explained below, Plaintiffs have alleged viable claims against Gerloff, Kotara and Regan.

### (2) Plaintiffs have adequately pled their causes of action against Gerloff, Kotara and Regan.

17.     In addition to asserting valid causes of action against Regan, Gerloff and Kotara, Plaintiffs' pleadings provide far more factual support for those claims than the Texas fair-notice pleading standards require.[35]

18.     Plaintiffs' pleadings allege that Gerloff, Kotara and Regan performed an inadequate, outcome-oriented investigation and conducted a biased, unfair evaluation of Plaintiffs' losses, which culminated in a drastic underpayment of Plaintiffs' claim.[36] Plaintiffs seeks damages for that underpayment under several legal doctrines that are specifically delineated.[37] Plaintiffs supports their allegations with thorough descriptions of each defendant's actionable misconduct. With regard to Gerloff, Kotara and Regan, Plaintiffs have pled that:

> Defendant Chubb assigned Defendant adjuster Regan to oversee the investigation and adjustment of Plaintiffs' claim. **Defendant Chubb and/or Defendant Regan assigned Defendants Gerloff and/or Defendant Kotara as the adjusting company and individual field adjuster, respectively, on the claim.**
>
> …Defendant Gerloff and Kotara improperly adjusted Plaintiffs' claim, the mishandling of which resulted in a major loss to Plaintiffs.
>
> The adjusters were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.  On or about May 3, 2016, Kotara conducted an unreasonable and substandard inspection of Plaintiffs' Property.  The unreasonableness and inadequacy of Kotara's inspection is evidenced by his report, which failed to include all of Plaintiffs' Storm damages noted upon inspection.  For example, despite the evident damages to Plaintiffs' tile roof and exterior stucco, Kotara failed to include many of the damages to Plaintiffs' tile roof, and wholly denied Plaintiffs' interior damages.  Moreover, the damages that Kotara actually included in his report were grossly undervalued. Kotara's unreasonable and inadequate investigation is further evidenced by his estimate report dated May 3, 2016.  Ultimately, Kotara failed to properly scope Plaintiffs' damages, underestimated and undervalued the cost of repairs to the damaged items, thereby failing to allow adequate funds to cover the cost of repairs to all the damages

---

[35] Dkt. #1–4(Plaintiffs' original state-court petition).
[36] *Id*.
[37] *Id*., particularly at paragraphs 42–49.

sustained. Further, Kotara's inadequate investigation was relied upon by Defendants Chubb resulted in Plaintiffs' claim being undervalued and underpaid.[38]

19. These factual allegations establish Gerloff, Kotara and Regan's role as adjusters and/or agents in the business of insurance and actively involved in the handling and adjustment of Plaintiffs' claim. and the others contained in Plaintiffs' pleadings, coupled with Plaintiffs' descriptions of the specific causes of action and claims for damages against Gerloff, Kotara and Regan and the other defendants, certainly qualify as a "short statement of [Plaintiffs'] cause of action sufficient to give fair notice of the claim involved" in "plain and concise language[.]"[39] Plaintiffs' allegations, if anything, provide a great deal more than what Texas courts have deemed fair notice.[40] There is a reasonable basis for the Court to predict that Plaintiffs might be able to recover from Gerloff, Kotara and Regan in Texas state court.

20. Additionally, contrary to Defendant's assertion, Plaintiffs' pleading does articulate several causes of action against Gerloff, Kotara and Regan and, on page 14 there is a section entitled "Causes of Action Against Defendants Regan and Kotara: Noncompliance with Texas Insurance Code: Unfair Settlement Practices." In this section, Plaintiffs have alleged various violations under Chapter 541 of the Texas Insurance Code, including Sections 541.060(a)(1),[41] 541.060(a)(2)(A),[42]

---

[38] *Id*. at paragraphs 19–20.
[39] TEX. R. CIV. P. 45, 47.
[40] *See, e.g., Naficy v. Braker*, 642 S.W.2d 282, 283–84 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (holding that petition gave fair notice when the plaintiff alleged only that she was injured on or about a certain date by the defendant physician's failure to use ordinary care and sought disfigurement damages); *Retail Techs., Inc. v. Palm City T.V., Inc.*, 791 S.W.2d 345, 346 (Tex. App.—Corpus Christi 1990, no writ) (holding that petition gave fair notice by alleging that defendant supplied a defective computer system and had "made misrepresentations and breached warranties" in violation of the Texas Deceptive Trade Practices Act); *see also In re Lipsky*, 460 S.W.3d at 590–91 (articulating Texas notice pleading standard) *compared with Campos v. Am. Bankers Ins. Co. of Florida*, 2010 U.S. Dist. LEXIS 65050 at *15 (S.D. Tex. June 30, 2010) ("The fact that the pleadings do little more than recite the elements of the statutory claims might be viewed as pleading insufficiency in federal court and might be the basis for an order granting leave to amend. But this court cannot conclude that there is no reasonable basis to predict that [the plaintiff] might recover against [the non-diverse defendant] in state court.").
[41] TEX. INS. CODE §541.060(a)(1) which prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue."
[42] TEX. INS. CODE §541.060(a)(2)(A) which prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of (a) claims where the insurer's liability is reasonably clear."

541.060(a)(3),[43] 541.060(a)(4),[44] and 541.060(a)(7),[45] which fit with and support the factual allegations quoted above. Chubb's underpayment of Plaintiffs' claim constitutes part of the harm stemming from Gerloff and Kotara's inadequate investigation upon which Chubb wholly and exclusively relied, but the conduct for which Kotara and Regan are being sued personally on their own.

21. Gerloff, Kotara and Regan have been properly joined because Plaintiffs have pled viable state-law causes of action against them and provided adequate factual support for those causes of action under Texas pleading standards.[46] Chubb does not appear to be invoking this Court's power to pierce Plaintiffs' petition, but even if it has, its failure to attach any evidence to satisfy its heavy burden of persuasion dooms its claim of improper joinder.[47] At bottom, Chubb has failed to demonstrate that there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Gerloff, Kotara and Regan in state court, and proving that removal was therefore improper.[48]

22. Furthermore, this case is governed by the Standing Pretrial Order Concerning Bexar County Residential Hail Claims, which triggers abatement upon Defendants' answer and mandated the parties attempt to mediate the case within 100 days after the answer is filed.[49] Thus Defendant's Notice of Removal is merely a billing exercise, and this case should be remanded and set for mediation pursuant to the Standing Order

---

[43] TEX. INS. CODE §541.060(a)(3) which prohibits "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim."
[44] TEX. INS. CODE §541.060(a)(4) which prohibits "failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder."
[45] TEX. INS. CODE §541.060(a)(7) which prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim."
[46] *Smallwood*, 385 F.3d at 573.
[47] *Smallwood*, 385 F.3d at 573–74; *Travis*, 326 F.3d at 650–51.
[48] *Smallwood*, 385 F.3d at 573.
[49] *See* Dkt. # 1-4, at 21, Exhibit 1 to *Plaintiffs' Original Petition*.

## V. CONCLUSION & PRAYER

The Court lacks subject matter of jurisdiction over this case. Chubb has failed to carry its heavy burden of establishing that Plaintiffs improperly joined Gerloff, Kotara and Regan.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays this Honorable Court to grant *Plaintiffs' Motion to Remand* and also request any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

**Merlin Law Group, P.A.**

*/s/ J. Ryan Fowler*
J. Ryan Fowler, Esq
State Bar No. 24058357
jrfowler@merlinlawgroup.com
515 Post Oak Blvd, Suite 750
Houston, Texas 77027
(713) 626-8880 (Office)
(713) 626-8881 (Facsimile)
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by electronic filing pursuant to the Federal Rules of Civil Procedure on this the 27th day of October, 2017.

*/s/ J. Ryan Fowler*
J. Ryan Fowler

## CERTIFICATE OF CONFERENCE

I hereby certify that I consulted with opposing counsel regarding Plaintiffs' Motion to Remand and counsel informed me on the 26th day of October, 2017, that he is opposed to the remand of this suit.

*/s/ J. Ryan Fowler*
J. Ryan Fowler