IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALBERT SAENZ AND VERONICA SAENZ,** § § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 5:17-CV-1038 | |
| § | | |
| **CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS, GERLOFF COMPANY, INC., ROBERT REGAN, AND STEVE KOTARA,** § § § § | JURY DEMAND | |
| *Defendants*. § | | |

**PLAINTIFFS ALBERT SAENZ AND VERONICA SAENZ'S RESPONSE TO DEFENDANT CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS' MOTION TO DISMISS PLAINTIFFS' FRAUD AND CONSPIRACY TO COMMIT FRAUD CLAIMS**

**TO THE HONORABLE DISTRICT COURT JUDGE HENRY J. BEMPORAD:**

COME NOW, Plaintiffs Albert Saenz and Veronica Saenz ("Plaintiffs") and file *Plaintiffs Albert Saenz and Veronica Saenz's Response to Defendant Chubb Lloyd's Insurance Company of Texas' Motion to Dismiss Plaintiffs' Fraud and Conspiracy Claims* and respectfully request this Court deny the Motion to Dismiss ("Motion to Dismiss") filed by Defendant Chubb Lloyd's Insurance Company of Texas ("Defendant" or "Chubb") and in support thereof, Plaintiffs would respectfully show this Honorable Court as follows:

### I.   BACKGROUND

1. Plaintiffs' property was damaged as the result of a severe hail/wind storm on April 12, 2016 in Bexar County, Texas.[1] Plaintiffs made a claim against their Texas Homeowner's Policy which was issued by Chubb Lloyds Insurance Company of Texas ("Chubb" or "Defendant").

---

[1] *See* Dkt. # 1-4, *Plaintiffs' Original Petition* at 3-4.

Chubb and/or Defendant Robert Regan ("Regan") assigned Defendant Gerloff Company, Inc. ("Gerloff") and/or Steve Kotara ("Kotara") to adjust Plaintiffs' claim. Unhappy with the results of this investigation and Chubb's decision to offer no payment to Plaintiffs to repair their damages, Plaintiffs filed suit.[2]

2.      On October 13, 2017, Defendants filed a Notice of Removal on grounds of diversity jurisdiction.[3] And, on October 20, 2017, Defendant Chubb filed this Motion to Dismiss Plaintiffs' Fraud and Conspiracy Claims ("Motion to Dismiss").[4] Chubb contends dismissal is proper under Rules 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure. However, as demonstrated below, Plaintiffs have adequately plead causes of action against Chubb for fraud and conspiracy to commit fraud and supported them with sufficient factual allegations. Thus, Defendant's Motion to Dismiss should be denied.

## II.      ISSUE PRESENTED AND STANDARDS OF REVIEW

7.      The issue presented is whether Plaintiffs' pleading sufficiently alleges facts under the strict pleading requirements of Rule 9(b).

8.      Defendant's Motion to Dismiss should be denied. Plaintiffs' Original Petition has alleged sufficient facts in a ―short, plain, simple, direct and concise manner in accordance with Rule 8 to put Defendants on notice of the claims against them.

9.      Rule 9(b) provides: ―[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[5] What constitutes ―particularity will necessarily

---

[2] *See* Dkt. # 1-4, *Plaintiffs' Original Petition* at 3-4.
[3] *See* Dkt #1, *Defendants' Notice of Removal.*
[4] *See* Dkt #11.
[5] FED. R CIV. P. 9(b)**.**

differ with the facts of each case.⁶ Importantly here, ―[w]here strong inferences of fraud exist, the requirements of particularity will be relaxed especially when the factual information necessary to provide for the details of the fraud alleged is exclusively within a defendant's knowledge or control.⁷

10. The focal point of a Rule 9(b) inquiry should be whether the pleading in question is sufficiently detailed to satisfy the primary purpose of Rule 9(b), given the nature and facts of the case and the circumstances of the parties.⁸ The primary purpose is to give notice to the defendant of the claims alleged against it to enable it to prepare an effective answer and/or defense.⁹ Although Rule 9(b) calls for fraud to be plead with particularity, the allegations must still be as **short, plain, simple, direct, and concise** as is reasonable under the circumstances in compliance with Rule 8.¹⁰

11. Rule 8 is not a rule of dismissal but rather a general rule of pleading setting forth the basic rules of pleading under the federal standard.¹¹ Thus, the relationship between Rules 8 and 9(b) is complementary. Specifically, Rule 9(b) should not be read so as to obliterate the basic pleading requirement found in Rule 8(a).¹² In short, "[a] complaint need not . . . state all facts pertinent to a case in order to satisfy the requirements of Rule 9(b)."¹³ In deciding a Rule 9(b) motion, this Court cannot make decisions regarding disputed facts and must assume all material facts in the complaint are true and indulge all reasonable inferences in Plaintiffs' favor.¹⁴

12. As further explained below, Plaintiffs have plead facts in their Original Petition with the

---

⁶ *See Benchmark Electronics, Inc. v. J. M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).
⁷ *USA v. Epic Healthcare Mgmt. Group*, No. H-95-0151, 1998 U.S. Dist LEXIS 10744 at *9 (S.D. Tex. June 24, 1998).
⁸ *See Mitchell Energy Corp.v. Martin*, 616 F. Supp. 924, 927 (S.D. Tex. 1985).
⁹ Id.
¹⁰ *See Epic*, 1998 U.S. Dist LEXIS 10744 at *9.
¹¹ *See* FED. R. CIV. P. 8; *Epic,* 1998 U.S. Dist. LEXIS 10744 at *9.
¹² *See Corwin v. Marney, Orton Inv.,* 788 F.2d 1063, 1068 n.4 (5th Cir. 1986).
¹³ *Mitchell Energy Corp.,* 616 F. Supp. at 927 (citing *SEC v. Tiffany Indus.*, 535 F. Supp 1160, 1166 (E. D. Mo. 1982)).
¹⁴ *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

particularity required to beat Defendant's Motion to Dismiss. Plaintiffs have alleged Defendant's misrepresentations regarding coverage, the licensures of its adjuster agents, and scheme to underpay and undervalue Plaintiffs' claim. At the very least, Plaintiffs' pleading, as a whole, present several fact issues regarding the Plaintiffs' fraud and conspiracy to commit fraud claims. Thus, a dismissal of these claims, especially before Plaintiffs have been afforded any opportunity to conduct discovery on the matters, would severely prejudice Plaintiffs and Plaintiffs respectfully request the Court deny Defendant's Motion.

### III.  ARGUMENT AND AUTHORITIES

**A. PLAINTIFFS' ORIGINAL PETITION SUFFICIENTLY ALLEGES CAUSES OF ACTION FOR FRAUD AND CONSPIRACY TO COMMIT FRAUD AGAINST DEFENDANT CHUBB.**

13. Defendant's Motion to Dismiss alleges Plaintiffs' fraud and conspiracy to commit fraud claims should be dismissed. However, Plaintiffs' plead such causes in a concise and specific manner that surpasses the threshold necessary to defeat Defendant's request for a 9(b) dismissal.

14. The heightened pleading requirement of Rule 9(b) provides: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." [15] The primary purpose is to give notice to the defendant of plaintiffs' claims and the factual ground upon which they are based.[16] Averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged." [17]

**(1) Defendant misrepresented the damages and scope of damages to Plaintiffs.**

15. Plaintiffs have shown that Defendants during the settlement of the claim misrepresented the extent of the damages and the amount needed to repair the damages included in Defendants' estimate.[18] As mentioned in Plaintiffs' Original Petition, the public adjuster's involvement shows

---

[15] FED. R. CIV. P. 9(b); *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003).
[16] *Id.*; *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).
[17] Cooper v. Pickett, 137 F3d 616, 627 (9th Cir. 1997).
[18] See Dktt#1-4, *Plaintiffs' Original Petition* at 6 and 14.

that Plaintiffs' covered damages significantly exceeded the amount estimated by Defendant and Defendant specifically denied coverage for damages that were caused by the storm and therefore should have been covered by Defendants.[19] As such, Plaintiffs' pleading, as a whole, is sufficient to provide the requisite notice to Defendant and with factual basis.

(2) **Defendant misrepresented the qualifications of its adjuster agents.**

16. Not only have Plaintiffs' sufficiently plead these causes of action by articulating the misrepresentations made by Defendant when handling Plaintiffs' claim, but Plaintiffs have also alleged that Defendant misrepresented the qualifications of its agents and adjusters involved in the misrepresentations of coverage. Specifically, and as stated in Plaintiffs' pleading, Defendant assigned or hired an unlicensed adjuster and/or adjusting company, Kotara and/or Gerloff, to adjust Plaintiffs' claim even though it knew or should have known that they did not hold the licenses necessary to comply with the Texas Insurance Code. Texas Insurance Code Chapter 4101 requires any adjuster to hold a license at the time the claim or property is investigated or adjusted. More importantly, Texas Department of Insurance has noted that violations of Chapter 4101 and 4102 may result in criminal penalties.[20]

17. Although Defendants have already attempted to evade the liability of these violations by labeling Defendants Kotara and Gerloff as consultants,[21] this quickly fails because, as stated in Plaintiffs' Original Petition, Defendant Kotara was the only person to inspect Plaintiffs' property and claim, and his report was solely and exclusively used to underpay and undervalue Plaintiffs' claim. Cumulatively, these actions are the exact duties of an "adjuster" pursuant to the Texas Insurance Code. According to Texas Insurance Code 101.051(b)(6), an adjuster includes any

---

[19] *Id.*
[20] *See* Texas Department of Insurance Commissioner's Bulletin #B-0014-14 (May 2014); TEX INS CODE §101.102 and §4101.
[21] See Dkt#1, *Defendant's Notice of Removal*.

person or entity that assists an insurer in the "investigating or adjusting of a claim…"[22] Here, not only did Chubb hire unlicensed Kotara and Gerloff to adjust the claim, they were the only ones to investigate the property and their determinations were the exact determinations of Chubb's. For example, and as stated in Plaintiffs' Original Petition, Kotara's report indicated Plaintiffs' interior damages were not covered, thus Chubb relied on such when it determined it was not going to pay for the interior damages, even though it should have been covered.[23] Thus, Kotara did investigate and adjust Plaintiffs' claim, and did so without a license.[24] If nothing else, these violations- independently- have been plead in a manner sufficient to support the survival of Plaintiffs' fraud claims.

18.     Finally, when considered in whole, the actions of Defendant as alleged in Plaintiffs Original Petition, at a minimum, raise a genuine issue of material fact regarding Plaintiffs' fraud claims and support Plaintiffs' allegations that Defendant conspired to conduct an outcome oriented investigation of Plaintiffs'' claim. Defendant selectively chose unlicensed adjuster agents to aid in the underpayment and under scoping of Plaintiffs' damages. And, ultimately, did end up undervaluing and underpaying Plaintiffs for their damages—facts further supported by the vast discrepancies in Defendant's estimate and the public adjuster's.[25]

19.     These issues of fact preclude the granting of Defendants' Motion to Dismiss on Plaintiffs' fraud and conspiracy to commit, and Plaintiffs respectfully move the Court to deny Defendants' Motion to Dismiss on these grounds.

## V.     CONCLUSION

20.     Plaintiffs' fraud and conspiracy to commit fraud actions should not be dismissed. Plaintiffs'

---

[22] TEX. INS. CODE §101.051(b)(6);
[23] See Dktt#1-4, *Plaintiffs' Original Petition* at 5.
[24] *Id.*
[25] *Id.*

Petition meets the requirements of Rule 8 by pleading Plaintiffs' claims in a short, plain, simple, direct and concise manner. And, Plaintiffs have plead with the level of particularity necessary the circumstances constituting fraud or mistake. As such, Plaintiffs respectfully assert that they have met their pleading burden and requests that Defendants' Motion to Dismiss be denied.

## VI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays this Honorable Court to deny Defendant's Motion to Dismiss and request any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

**Merlin Law Group, P.A.**

 */s/ J. Ryan Fowler*
J. Ryan Fowler, Esq
State Bar No. 24058357
jrfowler@merlinlawgroup.com
515 Post Oak Blvd, Suite 750
Houston, Texas 77027
(713) 626-8880 (Office)
(713) 626-8881 (Facsimile)
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by electronic filing pursuant to the Federal Rules of Civil Procedure on this the 3rd day of November, 2017.

 */s/ J. Ryan Fowler*
J. Ryan Fowler